IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | | |
|---|---|---|
| ABHIJIT RAMACHANDRAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-00811 |
| | § | |
| VINAY JAIN | § | |
| AROG PHARMACEUTICALS, INC. | § | |
| JAIN INVESTMENTS, LLC, and | § | |
| VIDERA PHARMACEUTICALS, LLC | § | |
| | § | |
| Defendant. | § | |

## DR. VINAY JAIN'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT[1]

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendant Dr. Vinay Jain ("Dr. Jain") files his Motion for Protective Order and Brief in Support pursuant to Federal Rule of Civil Procedure 26(c) as follows:

**I.   INTRODUCTION**

Dr. Jain requires protection due to Plaintiff's unreasonable refusal to cooperate in selecting a date for Dr. Jain's deposition that accommodates the heavy demands on Dr. Jain's schedule. Dr. Jain agrees to appear for a deposition on July 10, 2019, which is nearly seven weeks before the August 26, 2019 discovery deadline in this case. However, Plaintiff insists that Dr. Jain must appear for a deposition on May 7, 2019 and he has filed a motion to compel to force a deposition on that date. Although Plaintiff just last month slated Dr. Jain as the fifth or sixth witness to be deposed in this matter, Plaintiff now insists that Dr. Jain's deposition is the cornerstone for all

---

[1] This Motion for Protective Order should also be regarded as Dr. Jain's response to Plaintiff's Motion to Compel Deposition of Defendant Jain [Doc. No. 57].

**DEFENDANT VINAY JAIN'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page 1**

subsequent depositions to be taken in this matter, such that he must be deposed before Plaintiff can proceed with non-party depositions that he initially proposed to take before Dr. Jain's deposition.

Plaintiff's recent epiphany that Dr. Jain must be deposed before other witnesses borders on harassment given the good cause for Dr. Jain not to appear for a deposition during the month of May or June.  For a variety of factors that include: 1) the graduation of Dr. Jain's daughter from high school; 2) planned commitments for one of Dr. Jain's charitable initiatives; 3) a planned vacation for the Jain family; 4) Dr. Jain's work responsibilities for more than one business entity; and 5) constraints on the undersigned counsel's schedule as he prepares for another trial that is scheduled for the week of June 3, 2019, Dr. Jain cannot prepare and appear for a deposition in May or June.  However, the undersigned counsel has been clear that Dr. Jain will appear for a deposition in the first half of July, which is several weeks before the August 26, 2019 discovery deadline.  Yet Plaintiff's counsel refuses any reasonable accommodation of Dr. Jain and insists that Dr. Jain's deposition is somehow the cornerstone of all other deposition discovery in this case.  Dr. Jain is not the central figure in this lawsuit.  This is principally a breach of contract case arising from AROG Pharmaceuticals, Inc. ("AROG")'s termination of Plaintiff's employment on February 21, 2017.  The only claim asserted particularly against Dr. Jain is a breach of fiduciary duty claim in which Plaintiff contends that Dr. Jain had the duty to manage AROG for Plaintiff's principal benefit because Plaintiff subjectively viewed Dr. Jain as "a surrogate father figure."

Contrary to Plaintiff's claim that his discovery efforts will be hamstrung without Dr. Jain's immediate deposition, AROG agreed to provide five Rule 30(b)(6) witnesses to address forty-nine topics covering almost every facet of this case, which should provide an ample foundation on which to conduct further depositions.  In addition, AROG will make its general counsel, its chief

operating officer and its chief medical officer available for deposition all by May 15, 2019. There is good cause to protect Dr. Jain from Plaintiff's demand that Dr. Jain appear for a deposition on May 7, 2019, and the court should grant Dr. Jain protection from Plaintiff's unreasonable demands.

## II.     BACKGROUND

### A.     Nature of the Case

Plaintiff is a former employee of AROG. In July 2015, he had been promoted to Director of Clinical Operations and given a two-year employment contract that extended through July 30, 2017. Due to his increasing detachment from and inattention to his work duties, Plaintiff's employment with AROG was terminated on February 21, 2017. To avoid complicating his immigration status, AROG had proposed that Plaintiff take paid leave through the end of his employment contract so that he could seek other employment and not risk deportation for lack of a sponsoring employer for his H-1B visa. However, Plaintiff rejected that proposed accommodation and demanded payment of millions of dollars from AROG. This lawsuit then ensued in 2018.

Plaintiff initially sued for breach of contract and further claimed that he was fraudulently induced with respect to his employment agreement. The case has since mushroomed into numerous causes of action and Plaintiff has dragged in several other companies founded by Dr. Jain as supposed conspirators against Plaintiff. The only cause of action asserted particularly against Dr. Jain is a breach of fiduciary duty based on Plaintiff's subjective perception of Dr. Jain as a surrogate father figure due in part to their shared Indian heritage. Aside from the spurious fiduciary duty claim, the central focus of the lawsuit is AROG's supposed breach of Plaintiff's employment contract and its refusal to pay him millions of dollars for long term incentive units that yield no payment to their holders until there has been a sale of AROG, which has never

happened. AROG has counterclaimed against Plaintiff for breach of contract, breach of fiduciary duty, fraud and declaratory judgment. Dr. Jain asserts no counterclaims.

B.   Pertinent Procedural Status and History

This case is set for trial in November and the discovery deadline is August 26, 2019 as recently amended upon the agreement of the parties. Beginning in March, the parties started to discuss various discovery issues, including the completion of written discovery and potential deponents. On March 21, 2019, Plaintiff's counsel proposed taking the following depositions in the following order:

- Richard Squires – a non-party witness for the week of April 22.
- Dr. Mark Levis – a non-party witness for the week of April 29.
- Dr. Shah – a non-party witness for the week of April 29.
- AROG 30(b)(6) depositions for the week of May 6th or May 13th
- Dr. Vinay Jain for the week of May 6th or May 13th.

[**Exhibit A**]. Shortly thereafter, Plaintiff's counsel proposed to take the deposition of non-party witness, Tyler Brous, on April 23, 2019. [**Exhibit B**]. Thus, as of late March, Plaintiff's counsel had proposed that Dr. Jain would be the fifth or sixth witness after taking the depositions of four non-party witnesses.

On March 30, 2019, Defendants' counsel reminded Plaintiff's counsel that he still had not submitted a proposed protective order for the court that would enable the exchange of confidential information during discovery even though he had represented that he would submit such a proposed order months before. [**Exhibit C**]. Accordingly, on April 1, 2019, Plaintiff's counsel stated that he was going to withdraw the subpoenas for Richard Squires and Tyler Brous and draft a protective order to submit to the court. [Id.].

The parties' next meaningful conference about discovery took place on the afternoon of April 18, 2019. During the parties' phone conversation, they discussed proposed scheduling of the depositions of AROG's corporate representative, Dr. Jain and three AROG personnel. Defendants' counsel had previously requested that Plaintiff appear for a deposition before any of Defendants' witnesses so that Defendants could be fully apprised of Plaintiff's positions in this lawsuit. However, because Plaintiff still has not fully responded to AROG's written discovery requests and Plaintiff wanted to commence depositions of Defendants' personnel in May, Defendants' counsel relented and agreed not to seek Plaintiff's deposition first as previously discussed. Plaintiff's counsel then proposed that Dr. Jain and an AROG representative appear for depositions on May 7 and May 9. He then proposed that AROG's chief medical officer, general counsel and chief operating officer appear for depositions on May 14 and May 15.

Immediately after the phone call, the undersigned counsel sent AROG an e-mail listing the deposition dates proposed by Plaintiff's counsel to see whether the dates were workable for the witnesses. [**Exhibit D**]. This confirms that the parties had not reached any firm agreement during the April 18th phone conference, but that dates were proposed with the understanding that client approval was necessary to finalize any agreement. Although the proposed deposition dates were only tentative, Plaintiff's counsel sent an e-mail on April 19, 2019 and pronounced that, "We have set the following deposition schedule" [**Exhibit E**]. Of particular interest was Plaintiff's counsel's declaration that "my client cannot do a deposition on any date after June 10th because he will be traveling internationally for an extended period of time." Thus, Plaintiff's counsel has no compunction about ruling out Plaintiff's deposition at any time during the last two and a half months of the discovery period, but will not accept that Dr. Jain might have an extended period of

unavailability of his own even though Dr. Jain helps run multiple companies and charitable foundations while also having important family obligations that deserve attention.

Because Defendants' law firm was closed on April 19 for Good Friday, AROG and the undersigned counsel did not communicate about the proposed deposition dates until the following week when an in-person meeting was scheduled on April 24, 2019 to discuss the proposed deposition dates and who would be able to testify on the 49 topics designated in Plaintiff's Rule 30(b)(6) deposition notice. At that meeting, AROG and its counsel spent hours trying to identify the appropriate witnesses to address the 49 corporate representative topics propounded by Plaintiff. They then examined Dr. Jain's calendar to determine whether he would be available for a deposition on either May 7 or May 9. As they reviewed his various commitments and the commitments of the undersigned counsel, they determined that Dr. Jain would not be able to prepare for and attend a deposition until the early part of July, which was still several weeks prior to the August 26, 2019 discovery deadline.

Accordingly, on the morning of April 25, 2019, the undersigned counsel sent Plaintiff's counsel the following via e-mail:

> Regarding the corporate representative deposition notice, we have determined it may require as many as five individuals to provide corporate representative testimony on the nearly 50 topics you designated. Thus, we will not be able to complete corporate representative depositions in one day. Accordingly, I am tentatively proposing that we commence the 30(b)(6) deposition on May 7 and then continue on May 9. I say tentatively because we still have to finalize the list of individuals who will provide 30(b)(6) testimony. Once I have that list finalized, I will provide the names of the individuals and which topics they will address. I should have that within the next couple days. We can then discuss logistics. I know AROG cannot accommodate depositions at its office, but we can do them at my office.
>
> Dr. Jain will not be available for a deposition until late June or early July. He has multiple events with his charitable foundations in May. Also, his daughter is graduating in May and they are doing some more college

trips in May. They then have a three-week family vacation planned in June. So I suggest we schedule something for Dr. Jain shortly after July 4th.

[**Exhibit F**].

On the afternoon of April 26, 2019, Plaintiff's counsel then sent the undersigned counsel a lengthy e-mail insisting that Dr. Jain had to be deposed in the month of May and suggested a Saturday deposition if necessary. [**Exhibit G**]. Never before had Plaintiff's counsel indicated that it was essential for some reason that Dr. Jain be deposed before any non-party witnesses. In fact, the original plan, as indicated above, was that Dr. Jain would be deposed after the non-party witnesses. Because of Plaintiff's counsel's insistence, Defendants' counsel contacted the AROG team once more to explore in more detail Dr. Jain's schedule for the months of May and June.

The following is an explanation of the scheduling constraints faced by Dr. Jain and Defendants' counsel which has been provided to Plaintiff's counsel:

> I know you continue to insist that Dr. Jain appear on May 7th or some other time in May. That continues to be unworkable even though you seem unwilling to believe that Dr. Jain might have other commitments that would make it difficult to schedule a deposition for him in May.
>
> On May 1 and 2, Dr. Jain has to accompany his son to two appointments (one in Dallas and one out of state) for a medical issue.
>
> On May 3, Dr. Jain is hosting out-of-town visitors to discuss drug development for rare pediatric brain cancers.
>
> On May 6, I am preparing two of my clients who were noticed to appear for a deposition on May 8.
>
> Also, Dr. Jain has committed most of the week of May 6 to work on the Shraman South Asian Cultural Center that is to be constructed along Woodall Rogers in Dallas. He has working sessions planned for that facility that will culminate in him traveling to California on May 9 to meet with one of the critical vendors for that project.
>
> Also, we had earmarked May 9 for the corporate representative deposition and we think other days may be required that week to cover all the topics you identified. I have depositions on the 8th in another case so I thought we

could use the 7th, 9th and 10th to make sure we do all the corporate representative topics.

The week of May 13 presents the following scheduling challenges: First, we have scheduled Dr. Eckhart, Taizoon Khokhar to appear for their depositions on the 14th. Edward McDonald is scheduled for the 15th. I have depositions of non-parties in another case on May 13. Dr. Jain is going to be busy hosting family and celebrating his daughter's graduation that week as well. I have a summary judgment response brief due on May 16 that will require my attention.

For the week of the 20th, we have scheduled the Theravance deposition and perhaps Poonam's deposition if we can fit it in. I have a lawsuit against Hickory Trail Hospital that goes to trial on June 3, and the court has ordered that I present a testifying psychiatrist for deposition before that trial. The opposing counsel just noticed that deposition for May 22. I then have a summary judgment hearing in that case scheduled for May 23. I am filing my response to that motion on the 16th as indicated above. After that date, I have to block out the rest of the month for my trial preparation. I have pre-trial filings due on the 24th and 28th. I have my pre-trial conference on May 31. I then start the trial on June 3. Thus, after the depositions on the 20th, I am not going to have any other availability for the AROG case until after my trial the week of June 3.

Dr. Jain is scheduled to attend the ASCO conference in Chicago from May 31 to June 3. That is the largest clinical oncology conference in the country and is vitally important to AROG. Regardless, I will be unavailable during those dates because of my trial preparation and trial.

Dr. Jain's family vacation is scheduled for June 7 to June 23. He will not be back in the office until June 24 and he needs that time to catch up from being gone for 2 and a half weeks. Thus, I am not going to have an opportunity to even meet with Dr. Jain for his deposition preparation until the first week of July. And given the holiday on the 4th, I think the earliest date I can ensure that Dr. Jain will be ready for his deposition will be July 10. Other dates thereafter can be scheduled if that date does not work for you.

[**Exhibit H**].

## III.   ARGUMENT AND AUTHORITIES

A.   <u>Rule 37 Does Not Authorize a Motion to Compel a Future Deposition</u>

Plaintiff has filed a preemptive motion to compel Dr. Jain to attend a deposition noticed for May 7, 2019. Plaintiff's motion is brought under the authority of Rule 37 of the Federal Rules of Civil Procedure. See Plaintiff's Motion to Compel at 1 [Doc. No. 57].

As recently explained by Northern District of Texas Magistrate Judge David L. Horan, Rule 37 does not authorize a party to file a preemptive motion to compel a deposition:

> Rule 37(a) generally does not apply to motions to enforce a subpoena against a third party. More specifically, because Rule 37(a) does not authorize a motion to prospectively compel a non-party (or, for that matter, a party) to appear for a deposition, and because Ms. Frazin did not appear and fail to answer a question asked under Rule 30, there are no grounds for a motion under Rule 37(a) here.

<u>MetroPCS v. Thomas</u>, 327 F.R.D. 600, 614 (N.D. Tex. 2018). Similarly, here the Plaintiff is inappropriately attempting to use Rule 37(d) offensively to compel Dr. Jain to attend a deposition in the future. While Plaintiff may not preemptively seek to compel a future deposition under Rule 37, Dr. Jain may seek protection from the Court under Rule 26(c).

B.   <u>Standard of Review</u>

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." <u>In re Terra Int'l</u>, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order should be granted when the party seeking it demonstrates good cause and a specific need for protection. See <u>Landry v. Air Line Pilots Ass'n</u>, 901 F.2d 404, 435 (5th Cir. 1990). "The Court has broad discretion in determining whether to grant a motion for a protective order." <u>Dennis v. United States</u>, No. 3:16-CV-3148-G-BN, 2017 WL 4778708, at *5-6 (N.D. Tex. Oct. 23, 2017) (citing <u>Harris v. Amoco Prod. Co</u>., 768 F.2d 669, 684 (5th Cir. 1985)).

"The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

C.	Dr. Jain is Entitled to Protection from Plaintiff's Deposition Notice Under Rule 26(c)

Plaintiff already issued a notice to take Dr. Jain's deposition on a date that he is not available, so it is necessary for Dr. Jain to file this motion for protection. Pursuant to Rule 37(d)(1), the failure of a party to appear for a deposition – after having been served with notice – constitutes potential grounds for sanctions. Fed. R. Civ. P. 37(d)(1)(A). However, Rule 37(d)(2) provides: "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2) (emphasis added). Thus, Dr. Jain requests protection from Plaintiff's deposition notice under Rule 26(c), which states as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; [and]
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> * * *

Fed. R. Civ. P. 26(c)(1).

As explained in detail in the background information provided on pages 4 to 8, *supra*, and in the Exhibits attached hereto, Dr. Jain is not available to appear for a deposition until after the July 4th holiday due to a confluence of family and business

commitments, coupled with business and trial commitments of Dr. Jain's counsel. Under the circumstances, Dr. Jain requests the Court to grant him protection and quash the Plaintiff's notice to take Dr. Jain's deposition on May 7, 2019. The requested delay in completing Dr. Jain's deposition will not hinder the parties from moving forward with other discovery to prepare for trial. As explained above, Defendants have been working diligently to identify and prepare witnesses in response to Plaintiff's request for 30(b)(6) depositions of the primary corporate defendant – AROG Pharmaceuticals, Inc. – to be taken on May 7th and 9th. Defendants anticipate that as many as five corporate representatives will be necessary to testify concerning all of the deposition topics designated by Plaintiff. Defendants are trying to cooperate with Plaintiff to complete that discovery, and simply ask for a reasonable accommodation for scheduling Dr. Jain's deposition. That requested accommodation is similar to a request made by Plaintiff when his counsel informed Dr. Jain's counsel that "[Plaintiff] cannot do a deposition on any date after June 10th because he will be traveling internationally for an extended period of time." Dr. Jain and his counsel are willing to accommodate Plaintiff's travel plans, and they ask for the same courtesy in accommodating Dr. Jain's schedule. Because Plaintiff's counsel is unwilling to do so, Dr. Jain requests the Court to grant this request for protection, to quash the Plaintiff's notice setting Dr. Jain's deposition for May 7, 2019, and to issue an order that Dr. Jain's deposition will not take place until after the July 4th holiday at the office of Dr. Jain's counsel and at a date and time mutually agreeable to the parties.

D.      <u>Dr. Jain's Request for Attorney's Fees</u>

Rule 26(c)(3) provides that, in connection with a Rule 26(c) motion for protection, "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5) is

entitled "*Payment of Expenses; Protective Orders*" and specifies when a court may award attorney's fees and costs to the non-movant in defending against a motion to compel discovery. Rule 37(a)(5)(B) provides:

> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).[2] See also De Angelis v. City of El Paso, 265 Fed. Appx. 390, 398 (5th Cir. 2008). "[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." De Angelis at 398 (internal quotation marks omitted); see also Heller v. City of Dallas, 303 F.R.D. 466, 477 (N.D. Tex. 2014) ("The United States Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'") (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed.2d 490 (1988)).

In determining whether Plaintiff is acting reasonably or his motion to compel is substantially justified, the Court may consider whether Plaintiff's counsel is cooperating and acting courteously in the discovery process as required by Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n, 121 F.R.D. 284 (N.D. Tex. 1988). Among other duties set forth in Dondi, Plaintiff's counsel owes the following responsibilities toward Dr. Jain and his counsel:

---

[2] If a motion to compel is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

**DEFENDANT VINAY JAIN'S EMERGENCY MOTION FOR PROTECTIVE ORDER
AND BRIEF IN SUPPORT - Page 12**

>   (C) A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves;
>
>   (E) Lawyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times;
>
>   (F) . . . A lawyer shall always treat adverse witnesses and suitors with fairness and due consideration;
>
>   (H) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client; and
>
>   (J) If a fellow member of the Bar makes a just request for cooperation, or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent.

Id. at 287-88. As shown in the exhibits attached hereto, Plaintiff's counsel has not upheld these standards by his unwillingness to cooperate in scheduling Dr. Jain's deposition or his refusal to agree to a reasonable scheduling accommodation for Dr. Jain (even though Plaintiff seeks a similar scheduling accommodation). That is further evidence that Plaintiff's motion to compel is not substantially justified. As such, Dr. Jain requests that the Court award him attorney's fees under Rule 37(a)(5)(B) in an amount not less than $2,000 representing the reasonable and necessary attorney's fees he has incurred attempting to coordinate Dr. Jain's deposition with Plaintiff's counsel and preparing this motion and response to Plaintiff's motion to compel. Dr. Jain's counsel will present evidence at the hearing on attorney's fees.

   WHEREFORE, Dr. Jain requests that, upon hearing, the United States Magistrate Judge grant this motion, quash Plaintiff's notice to take Dr. Jain's deposition on May 7, 2019, and order that Dr. Jain need not appear for a deposition until after the July 4th holiday at the offices of his counsel at a mutually-agreeable date and time. Dr. Jain requests that he

be awarded his attorney's fees as requested herein, and all other relief to which he is justly entitled.

    Respectfully submitted,

**GUS AND GILBERT LAW FIRM
A PROFESSIONAL CORPORATION**

/s/ Daniel L. Gus
Daniel L. Gus
Texas Bar No. 24007288
dan@gus-gilbert.com
209 E. Main Street
Waxahachie, Texas 75165
Telephone: (972) 330-2775
Facsimile: (214) 960-4140

**COUNSEL FOR DEFENDANT
VINAY JAIN**

## CERTIFICATE OF CONFERENCE

This motion is contested, as evidenced by the fact that Plaintiff has filed a motion to compel the deposition of Defendant Dr. Jain [Doc. No. 57, filed April 29, 2019] concerning the same deposition at issue herein which this motion attempts to quash and seek protection. This motion also serves as a response to the said motion to compel. The correspondence between Plaintiff's counsel and Dr. Jain's counsel are set forth in great detail in the Background section of this motion and in the attached exhibits, which explain the reasons why Dr. Jain is not available to give a deposition until after July 4, 2019. Plaintiff's counsel obviously disagrees and is refusing to accommodate Dr. Jain's schedule, as evidenced by the arguments in Plaintiff's motion to compel. Because the parties have reached an impasse on these issues, this motion is filed for consideration by the United States Magistrate Judge.

    /s/ Daniel L. Gus

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing instrument was served on all parties of record through their counsel via the Court's electronic filing system on April 30, 2019.

    /s/ Daniel L. Gus