UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABHIJIT RAMACHANDRAN, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § § § § § | Civil Action No. 3:18-CV-00811-X |
| VINAY JAIN, AROG PHARMACEUTICALS, INC., JAIN INVESTMENTS, LLC, and VIDERA PHARMACEUTICALS, LLC, | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Rarely does a court encounter dueling motions to dismiss from a plaintiff and defendants. Even more rarely does a plaintiff shirk its obligation to show the basis for the jurisdiction of the court it sued in, while the defendants fulfill the plaintiff's burden of establishing jurisdiction (and assert other reasons for dismissal). But this has been a very strange year, and so here we are.

After the Court identified the open question of diversity jurisdiction, it ordered plaintiff Abhijit Ramachandran to replead the parties' citizenships to establish diversity [Doc. No. 130]. Instead of complying with the Court's order, Ramachandran sought his case's dismissal without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) [Doc. No. 133]. The defendants, Vinay Jain, AROG Pharmaceuticals, Inc. (AROG), Jain Investments, LLC (Jain Investments), and Videra Pharmaceuticals, LLC (Videra), opposed—arguing that the Court had yet to determine it lacked jurisdiction (and so dismissal under Rule

1

12(h)(3) was not yet proper) and that, because of the defendants' counterclaims, Ramachandran is also unable to voluntarily dismiss his case under Rule 41(a). The defendants then moved to dismiss the case with prejudice under Federal Rule of Civil Procedure 41(b) for Ramachandran's failure to follow Court orders [Doc. No. 134]. The Court held a hearing on June 15, 2020.

The Court finds that diversity of citizenship exists, which establishes its subject matter jurisdiction to decide this case's merits.[1] Specifically, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). This statute gives district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of a State and citizens or subjects of a foreign state" (unless the citizen or subject of a foreign state is "lawfully admitted for permanent residence in the United States" and is "domiciled in the same State" as the other party).[2]

---

[1] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Initially, the burden is upon the party invoking federal jurisdiction to prove facts that will sustain jurisdiction." *Green v. Hale*, 433 F.2d 324, 329 (5th Cir. 1970). But the "trial court is not bound by the pleadings of the parties" and instead "may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.'" *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 184 (1936). Ramachandran inverted that approach here. He believed that he, *sua sponte*, could take an issue from the Court and decide it himself when he determined he could not plead facts that support his claim to jurisdiction. But he could plead those facts, as the defendants have done so for him.

[2] 28 U.S.C. § 1332(a)(2). The Court made clear to the parties in its October 19, 2019 Order that "if individuals are 'citizens or subjects of a foreign state' it is important for a court to know if they are 'lawfully admitted for permanent residence in the United States,' as this status affects the court's jurisdiction analysis." Order, at 3 [Doc. No. 130]. Despite specifically identifying for Ramachandran a key detail of citizenship omitted in his Third Amended Complaint [Doc. No. 46] and jurisdictional briefing, Ramachandran failed to plead his India citizenship and lack of permanent residence status in the United States. Because Ramachandran is a citizen of India (and not a permanent resident of the United States), it matters not for purposes of diversity jurisdiction whether he resides in California or wants to return to Texas.

This Court's jurisdiction is established by facts provided by the defendants and uncontested or admitted by Ramachandran. According to Jain's declaration, Ramachandran is a citizen of India and not a permanent resident of the United States of America.[3] Ramachandran's counsel confirmed this allegation of his client's citizenship and immigration status in the June 15, 2020 hearing. Furthermore, Jain's declaration also identifies Jain's citizenship of Texas, AROG's citizenship of Delaware and Texas, Jain Investments' citizenship of Texas, and Videra's citizenship of Virginia.[4] In other words, the record demonstrates the complete diversity of citizenship of the parties and that the Court has subject matter jurisdiction. Therefore, the Court **DENIES** Ramachandran's motion to dismiss [Doc. No. 133].

Ramachandran has failed to comply with or be candid to the Court. Yet in its discretion, the Court declines to exercise the extreme sanction of dismissal with prejudice under Rule 41(b). Therefore, the Court also **DENIES** the defendants' motion to dismiss [Doc. No. 134].

Because the Court has determined it possesses jurisdiction, it **VACATES IN PART** its October 30, 2019 Order [Doc. No. 130], which dismissed as moot the defendants' three pending motions to dismiss [Doc. Nos. 79, 81, and 82] and one motion for summary judgment [Doc. No. 94]. As a result, these dispositive motions are now **REINSTATED AS PENDING** and are ripe for the Court's immediate

---

[3] *See* Defendants' Motion to Dismiss Pursuant to Rule 41(B), Exhibit A (Declaration of Dr. Vinay Jain Regarding Facts to Support the Court's Subject Matter Jurisdiction Under 28 U.S.C. § 1332) ¶ 4 [sic] [Doc. No. 134-1] ("Mr. Ramachandran is a native and citizen of India. . . . Mr. Ramachandran has not been lawfully admitted for permanent residence in the United States but enjoys only temporary residence in the United States as an H-1B visa holder.").

[4] *Id.* ¶¶ 1–4.

consideration of the case's merits.

The Court also **ORDERS** the parties to file by Tuesday, June 30, 2020: (1) a joint report proposing a new trial date, mediation date, and other pre-trial deadlines; and (2) any discovery or procedural motions that are relevant at this stage of the litigation.[5] If the parties file any such motions, responses are due within ten days of the filing of the motions and replies are due within seven days of the responses. The Court also admonishes the parties to first confer and attempt to resolve any discovery or procedural disputes before involving the Court. Motions should be a last resort.

Finally, the Court **ORDERS** the parties to read (or read again) and, for the remainder of this litigation, to comply with this Court's *en banc* decision in *Dondi Properties Corporation v. Commerce Saving and Loan Association*.[6] Going forward, the Court expects candor, civility, and compliance from the parties. It is time for this case to be resolved. And so the Court will not tolerate practices that "do not advance the resolution of the merits of a case" and threaten "to delay the administration of justice."[7] The Court appreciates the parties' earnest cooperation with this Order.

---

[5] The Court will not accept any other dispositive motions or additional briefing for the pending dispositive motions unless the parties seek—and the Court grants—leave to file the same.

[6] 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

[7] *Id.* at 286.

**IT IS SO ORDERED** this 22nd day of June 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE