UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABHIJIT RAMACHANDRAN, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:18-CV-00811-X |
| VINAY JAIN, AROG PHARMACEUTICALS, INC., JAIN INVESTMENTS, LLC, and VIDERA PHARMACEUTICALS, LLC, | § § § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

There's a lot going on in this case. Too much. There are eight pending motions.[1] The parties seem to want to litigate all possible issues at the same time. The Court prefers to help the parties resolve this dispute one step at a time. And so, in the interest of justice, the Court seeks to bring order to the docket and establish a simple, clear, and logical path forward for the parties.[2]

---

[1] Or eleven motions, if the Court includes two motions to compel and a motion to strike experts filed last fall. The Court dismissed these as moot when it determined its subject-matter jurisdiction had not yet been invoked [Doc. No. 130], and it did not reinstate them automatically when the Court determined after subsequent filings that it did have subject-matter jurisdiction over this action [Doc. No. 143]. Instead, in the latter order, the Court ordered the parties to refile any still-relevant discovery or procedural motions. The parties did not refile these motions but indicated in their joint report that they consider the motions still pending [Doc. No. 145]. The Court provides clarity to the parties in this order.

[2] The Court takes seriously that this litigation is highly contentious and that much is at stake for each party in this case. But when their discord manifests as a disorderly docket, it impedes the expeditious administration of justice. The Court seeks to help the parties, but to do so it needs the parties to help the Court. *See Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) ("The judicial branch of the United States government is charged with responsibility for deciding cases and controversies and for administering justice. We attempt to carry out our responsibilities in the most prompt and efficient manner, recognizing that justice delayed, and justice obtained at excessive cost, is often justice denied.").

1

First, the Court **DENIES WITHOUT PREJUDICE** the defendants' motions for judgment on the pleadings [Doc. Nos. 79 & 81]. The Court finds that these motions are premature, because they involve claims the defendants also seek to dismiss for lack of subject-matter jurisdiction (and the Court's jurisdiction is a threshold analysis). The Court also finds that they are unhelpfully untimely, because motions for judgment on the pleadings may only be filed "early enough not to delay trial."[3] But these were filed over 16 months into this case, almost five months after pleadings closed, fewer than three months before trial (as scheduled at the time), and 17 days before summary-judgment motions were due. Notably, the defendants moved for judgment on the pleadings well into the discovery period, as only 12 days of discovery remained when the motions were filed.

And so the Court also finds that these Rule 12(c) motions are unnecessarily duplicative, because when "matters outside the pleadings are presented to and not excluded by the court, [a 12(c) motion] must be treated as one for summary judgment under Rule 56."[4] Since the Court would apply the summary-judgment standard to the motions for judgment on the pleadings anyways, the Court chooses to address their arguments—including all available and relevant evidence for and against these arguments—in comprehensive summary-judgment briefing. The Court's decision is in the interest of justice because "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[5] Additionally, the Court

---

[3] FED. R. CIV. P. 12(c).

[4] *Id.* 12(d).

[5] *Id.*

finds that it does not prejudice the parties, because they have engaged in discovery and have demonstrated themselves willing and capable of briefing a motion for summary judgment.

Second, the Court **DENIES WITHOUT PREJUDICE** the defendants' motion for summary judgment [Doc. No. 94]. The Court finds that the motion is premature at this stage in litigation, because the threshold motion to dismiss for lack of subject-matter jurisdiction is ripe for the Court's review and there may be discovery disputes to resolve before reaching the summary-judgment stage. As the Court will explain in a separate order, the defendants will have another, more timely opportunity to move for summary judgment on any claims remaining after the motion-to-dismiss stage. The Court will look unfavorably on any motions for summary judgment filed without leave before then.

Third, because the motion for summary judgment is no longer before the Court, the Court **DENIES AS MOOT**: (1) Ramachandran's motion to file an amended brief in opposition to the summary-judgment motion [Doc. No. 144]; (2) Ramachandran's motion for a summary-judgment hearing [Doc. No. 148]; and (3) the defendants' motion to strike Ramachandran's reply in support of its motion to file an amended brief in opposition to the summary-judgment motion [Doc. No. 150].

Fourth, to the extent the parties consider them ripe for review, the Court **DENIES WITHOUT PREJUDICE** their motions to compel [Doc. Nos. 76 & 84] and motion to strike experts [Doc. No. 93]. Because of the Court's October 30, 2019 order [Doc. No. 130], and as indicated by the Court's instructions in its June 22, 2020 order

[Doc. No. 143], these motions were not before the Court and were to be refiled if the parties considered them still relevant for this case's disposition. For the sake of clarity, the Court expressly denies them without prejudice here. As the Court will explain in a separate order, the parties will have another, more timely opportunity to file discovery motions (including refiling these, if they remain relevant). The Court will look unfavorably on any discovery motions filed without leave before then.

Fifth, the Court **DENIES WITHOUT PREJUDICE** Ramachandran's motion to seal [Doc. No. 146] because Ramachandran has not attempted to show good cause to seal. The Court generally discourages requests for filing motions and exhibits under seal.[6] Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[7] Here, the Court—through its Protective Order issued on April 10, 2019 [Doc. No. 56]—converted an agreement of the parties into the Protective Order.

The parties must adhere to the Protective Order, but they must also abide by

---

[6] The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter altogether.

[7] *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (quotation marks omitted) (alteration in original)); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quotation marks omitted) (alteration in original)). *See also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

the sealing standards the Fifth Circuit has established. The Protective Order specifically instructs the parties to "not unreasonably file under seal pleadings, motions, or other papers that do not qualify for protection from disclosure under this Order."[8] In this way, the Protective Order complements the Fifth Circuit's standards: "This court disfavors the sealing of briefs or portions of the record where the parties . . . have not articulated a legal basis for the sealing."[9] Indeed, the Fifth Circuit has "repeatedly required parties to justify keeping materials under seal."[10]

To help ensure that parties only reasonably file items under seal that qualify for protection under the Protective Order, the Court sets the following requirements in accordance with the Fifth Circuit's sealing standards. A party seeking to file a specific document under seal must move for leave to do so and: (1) brief the legal authorities indicating the risks of disclosure outweigh the public's right to know for each document, and (2) explain that no other viable alternative to sealing exists.[11] Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the

---

[8] Protective Order [Doc. No. 56], at 7.

[9] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017).

[10] *Id. See, e.g.*, *Claimant ID 100236236 v. BP Exploration & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket).

[11] *See, e.g., Kaufman*, No. 17-50534, Doc. 00514098372, at 2. Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983).

Court in making fact findings that can withstand appellate scrutiny.[12]

Although Ramachandran filed a motion to seal, Ramachandran did not state with specificity the reasons why the documents he intends to file under seal should be concealed from public view. And because he provided no such facts, his motion is not verified by the oath or declaration of a person possessing personal knowledge of such facts. Without such verified facts, the Court is unable to ensure that documents are not unreasonably filed under seal and unjustifiably hidden from the public.

In summary, the Court: (1) **DENIES WITHOUT PREJUDICE** the defendants' motions for judgment on the pleadings [Doc. Nos. 79 & 81]; (2) **DENIES WITHOUT PREJUDICE** the defendants' motion for summary judgment [Doc. No. 94]; (3) **DENIES AS MOOT** Ramachandran's motion to file an amended brief in opposition to the summary-judgment motion [Doc. No. 144], Ramachandran's motion for a summary-judgment hearing [Doc. No. 148], and the defendants' motion to strike Ramachandran's reply in support of its motion to file an amended brief in opposition to the summary-judgment motion [Doc. No. 150]; (4) **DENIES WITHOUT PREJUDICE** the motions to compel [Doc. Nos. 76 & 84] and motion to strike experts

---

[12] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

The Court recognizes that this verification requirement is complicated by the fact that the parties are typically at odds here. The plaintiff may want a document filed. The defendant would rather it not be filed but wants it sealed if filed. The plaintiff cares not about that document being sealed, so long as its own documents remain sealed. What does that motion look like if it must be verified? The parties are free to file a combined motion where one party moves to file under seal in one section and the other party files a verified section explaining the justification for sealing. The same process could occur in separate filings. In either event, the parties may file responses and replies if needed.

[Doc. No. 93]; and (5) **DENIES WITHOUT PREJUDICE** Ramachandran's motion to seal [Doc. No. 146].

Now what's left? By separate order, the Court will decide the defendants' motion to dismiss for lack of subject-matter jurisdiction [Doc. No. 82]. At that time, the Court will provide a schedule for discovery motions or summary-judgment motions for any claims that survive the motion to dismiss. Until then, the Court will look unfavorably upon any motions filed without leave from the Court.

**IT IS SO ORDERED** this 3rd day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE