## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## (DALLAS DIVISION)

| | | |
|---|---|---|
| **ABHIJIT RAMACHANDRAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00811** |
| | § | |
| **VINAY JAIN,** | § | |
| **AROG PHARMACEUTICALS, INC.** | § | |
| **JAIN INVESTMENTS, LLC, and** | § | |
| **VIDERA PHARMACEUTICALS, LLC** | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANTS' MOTION IN LIMINE WITH INCORPORATED ORDER

---

DEFENDANTS, AROG PHARMACEUTICALS, INC.[1] ("AROG") and DR. VINAY JAIN

("Dr. Jain")(AROG and Dr. Jain are collectively "Defendants"), file this *Motion in Limine* as

follows:

### INTRODUCTION

Before the voir dire examination of the jury panel, Defendants make this *Motion in Limine*.

Defendants seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material

issues in this case. If Plaintiff Abhijit Ramachandran ("Plaintiff," "Abhijit," or "Ramachandran")

inject these matters into the trial of this case through a party, an attorney, or a witness, Plaintiff will

cause irreparable harm to Defendants' case and defenses, which no jury instruction would cure. If

any of these matters are directly or indirectly brought to the attention of the jury, Defendants would

---

[1] AROG believes that summary judgment was granted in its favor for fraud by the Court on January 11, 2022.  [Dkt. No. 172].  Therefore, AROG does not believe it is a party to this lawsuit.  Should the Court find that it did not grant summary judgment in AROG's favor as to the fraud claim, AROG submits these Motions in *Limine*.

be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendants urge this *Motion in Limine*.

## GROUNDS

Defendants request the Court to prohibit Plaintiff from offering any of the evidence described below without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the evidence:

1. The Court should preclude any evidence, statement, testimony, or argument that Videra Pharmaceuticals, LLC is a party defendant in this matter as this Court dismissed this defendant in its December 15, 2020 Memorandum Opinion and Order in response to Defendants' Motion to Dismiss for lack of subject matter jurisdiction.[2] Any issues regarding previously dismissed defendant would be irrelevant to any issues in this case.[3] Moreover, referencing this dismissed defendant would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value that the evidence may have.[4] Because this formerly named defendant has been dismissed, that defendant is not relevant to any existing issues to be presented to the jury.[5]

Allowing Plaintiff to rehash facts and legal issues already dismissed by the Court would waste time, resources, and would simply negate the Court's previous orders. Further, raising these issues would be confusing to the jury and would be prejudicial to Defendants because it would force Defendants to have to defend against claims that have already been dismissed.

---

[2] .Dkt. No. 153.
[3] Fed.R.Evid. 402.
[4] Fed.R.Evid. 403.
[5] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

Defendants anticipate that Plaintiff may also attempt to reference the fact that certain claims have been dismissed by the Court to infer that the remaining fraud claim has merit. In order to avoid this potential prejudice or confusion by the jury, both parties should be precluded from making any reference to the fact that a Motion to Dismiss and Summary Judgment on certain claims was filed or that the Court has entered an Order dismissing any claims.

2. The Court should preclude any evidence, statement, testimony, or argument that Jain Investments, LLC is a party defendant in this matter, because this Court dismissed this defendant in its December 15, 2020 Memorandum Opinion and Order in response to Defendants' Motion to Dismiss for lack of subject matter jurisdiction.[6] Any issues regarding this previously dismissed defendant would be irrelevant to any issues in this case.[7] Moreover, referencing this dismissed defendant would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[8] Because this formerly named defendant has been dismissed, this defendant is not relevant to any existing issues to be presented to the jury.[9]

Allowing Plaintiff to rehash facts and legal issues already dismissed by the Court would waste time, resources and simply negate the Court's previous orders. Further, raising these issues would be confusing to the jury and would be prejudicial to Defendants because it would force Defendants to have to defend against claims that have already been dismissed.

Defendants anticipate that Plaintiff may also attempt to reference the fact that certain claims have been dismissed by the Court to infer that the remaining fraud claim has merit. In order to avoid

---

[6] .Dkt. No. 153.
[7] FED.R.EVID. 402.
[8] Fed.R.Evid. 403.
[9] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

this potential prejudice or confusion by the jury, both parties should be precluded from making any reference to the fact that a Motion to Dismiss and Summary Judgment on certain claims was filed or that the Court has entered an Order dismissing any claims.

3. The Court should preclude any evidence, statement, testimony, or argument of Abhijit Ramachandran's purported work with Mentrik Biotech, a sister company to AROG, which holds assets unrelated to Crenolanib or any issue in this case.

4. The Court should preclude any evidence, statement, testimony, or argument of Abhijit Ramachandran's purported work with Trimer Biotech, a sister company to AROG, which holds assets unrelated to Crenolanib or any issue in this case.

5. The Court should preclude any evidence, statement, testimony, or argument of references to AROG's purported breach or fraudulent representations concerning Abhijit Ramachandran's 2015 Employment Agreement with AROG. This Court has previously dismissed, as a matter of law, Ramachandran's claim related to breach of his 2015 Employment Agreement by finding that "Ramachandran's damages are fully mitigated" and "Ramachandran presents no evidence to support his allegation that AROG made fraudulent statements that it would employ him according to the terms of the 2015 Employee Agreement." [10] The Court should preclude any evidence, statement, testimony, or argument regarding any of the claims previously dismissed by the Court. Despite the Court dismissing these claims, Plaintiff included exhibits and witnesses that are only relevant to these dismissed claims. Any issues regarding previously dismissed defendants or claims would be irrelevant to any issues in this case.[11] Moreover, referencing these dismissed defendants or dismissed claims would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially

---

[10] Dkt. No. 172.
[11] FED.R.EVID. 402.

outweighs any probative value the evidence may have.[12] The practice of shielding claims and issues dismissed on summary judgment and other pretrial rulings are common practice, and motions requesting such exclusions should be granted.[13] Stated otherwise, motions in limine should be granted under these circumstances because such evidence is of little probative value, but instead "carries significant risk of undue delay and waste of time . . ." that would fall under exclusion of evidence in Rule 403.[14]

Allowing Plaintiff to rehash facts and legal issues already dismissed by the Court would waste time, resources and simply negate the Court's previous orders. Further, raising these issues would be confusing to the jury and would be prejudicial to Defendants because it would force Defendants to have to defend against claims that have already been dismissed.

Defendants anticipate that Plaintiff may also attempt to reference the fact that certain claims have been dismissed by the Court to infer that the remaining fraud claim has merit. In order to avoid this potential prejudice or confusion by the jury, both parties should be precluded from making any reference to the fact that a Motion to Dismiss and Summary Judgment on certain claims was filed or that the Court has entered an Order dismissing any claims.

7. The Court should preclude any evidence, statement, testimony, or argument of references to Defendants' purported breach of the Texas Payday Act, as the Court has granted summary judgment to this claim following Ramachandran's failure to respond to Defendants' Motion for Summary Judgment.[15] The Court should preclude any evidence, statement, testimony, or argument regarding any of the claims previously dismissed by the Court. Despite the Court dismissing these claims, Plaintiff included exhibits and witnesses that are only relevant to these dismissed claims.

---

[12] Fed.R.Evid. 403.
[13] See e.g., *Bryce v. Trace, Inc.*, No. CIV-06-775-D, 2008 WL 906142, at *3 (W.D. Okla. March 31, 2008).
[14] See *L'Etoile v. New England Finish Systems Inc.*, 575 F. Supp. 2d 331, 340 (D.N.H. 2008).
[15] Dkt. No. 172.

Any issues regarding previously dismissed defendants or claims would be irrelevant to any issues in this case.[16] Moreover, referencing these dismissed defendants or dismissed claims would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[17] The practice of shielding claims and issues dismissed on summary judgment and other pretrial rulings are common practice, and motions requesting such exclusions should be granted.[18] Stated otherwise, motions in limine should be granted under these circumstances because such evidence is of little probative value, but instead "carries significant risk of undue delay and waste of time . . ." that would fall under exclusion of evidence in Rule 403.[19]

8. The Court should preclude any evidence, statement, testimony, or argument of Abhijit Ramachandran's purported partial or complete discovery or inventorship to any patents or ideas related to Crenolanib, as this Court has previously dismissed Ramachandran's claim related to AROG's patents for lack of standing.[20] Any issues regarding previously dismissed claim would be irrelevant to any issues in this case.[21] Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[22] Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[23]

---

[16] Fed.R.Evid. 402.
[17] Fed.R.Evid. 403.
[18] See e.g., *Bryce v. Trace, Inc.*, No. CIV-06-775-D, 2008 WL 906142, at *3 (W.D. Okla. March 31, 2008).
[19] See *L'Etoile v. New England Finish Systems Inc.*, 575 F. Supp. 2d 331, 340 (D.N.H. 2008).
[20] Dkt. No. 153.
[21] Fed.R.Evid. 402.
[22] Fed.R.Evid. 403.
[23] See *Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

9. The Court should preclude any evidence, statement, testimony, or argument that Dr. Jain owed Ramachandran a fiduciary duty and that Dr. Jain breached such duty during the administration of the 2010 LTIU Plan, because this Court has ruled that a claim for Breach of Fiduciary Duty is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."[24] Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[25] Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[26] Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[27]

10. The Court should preclude any evidence, statement, testimony, or argument that Defendant Jain Investments, AROG, or Videra aided and abetted Dr. Jain in his purported breach of fiduciary duty during the administration of the 2010 LTIU Plan, because this Court has ruled that a claim for Aiding and Abetting Breach of Fiduciary Duty is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."[28] Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[29] Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects

---

[24] Dkt. No. 153.
[25] FED.R.EVID. 402.
[26] Fed.R.Evid. 403.
[27] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[28] Dkt. No. 153.
[29] FED.R.EVID. 402.

substantially outweighs any probative value the evidence may have.[30]  Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[31]

11. The Court should preclude any evidence, statement, testimony, or argument that Defendant AROG or Dr. Jain breached Award Letters issued pursuant to the 2010 LTIU Plan, the 2012 Employment Agreement as to the LTIUs granted therein, or the 2014 Employment Agreement as to the LTIUs granted therein, because this Court has ruled that a claim for Breach of Contract related to LTIUs is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."[32]  Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[33]  Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[34]  Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[35]

12. The Court should preclude any evidence, statement, testimony, or argument of Plaintiff's claim of Quantum Meruit or Unjust Enrichment by Defendants AROG or Dr. Jain because this Court has ruled that this claim is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."[36]  Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[37]  Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time,

---

[30] Fed.R.Evid. 403.
[31] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[32] Dkt. No. 153.
[33] FED.R.EVID. 402.
[34] Fed.R.Evid. 403.
[35] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[36] Dkt. No. 153.
[37] FED.R.EVID. 402.

and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[38]  Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[39]

13.  The Court should preclude any evidence, statement, testimony, or argument that Defendant AROG or Dr. Jain breached Award Letters issued pursuant to the 2010 LTIU Plan, the 2012 Employment Agreement as to the LTIUs granted therein, or the 2014 Employment Agreement for the LTIUs granted therein because AROG did not pay the fair market value of his LTIUs as of the date of his termination. This Court has ruled that "[e]ven if AROG terminated him without cause, Ramachandran's Units would remain outstanding.  Ramachandran has not suffered an injury because no event occurred that would trigger payment for his Units" and, thus, this claim is not ripe.[40]  Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[41]  Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[42] Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[43]

14.  The Court should preclude any evidence, statement, testimony, or argument that Defendant AROG or Dr. Jain caused Ramachandran any injury after July 30, 2014 related to his Issued LTIUs because this Court has previously ruled, that "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."[44] and, thus, this claim

---

[38] Fed.R.Evid. 403.
[39] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[40] Dkt. No. 153.
[41] FED.R.EVID. 402.
[42] Fed.R.Evid. 403.
[43] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[44] Dkt. No. 153.

is not ripe. Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[45] Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[46] Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[47]

15. The Court should preclude any evidence, statement, testimony, or argument that Defendants caused Abhijit Ramachandran any injury after July 30, 2014 related to his Issued LTIUs as this Court has previously ruled, "that Abhijit Ramachandran has not suffered an injury because no event occurred that would trigger payment for his Units"[48] and, thus, this claim is not ripe. Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[49] Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[50] Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[51]

16. The Court should preclude any evidence, statement, testimony, argument, or calculations by Abhijit Ramachandran and/or a damages expert, including but not limited to Karl Schwabauer or Tyler Brous, related to the dismissed causes of action. Any testimony regarding alleged damages from this previously dismissed claim would be irrelevant to any issues in this case.[52]  Moreover,

---

[45] FED.R.EVID. 402.
[46] Fed.R.Evid. 403.
[47] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[48] Dkt. No. 153.
[49] FED.R.EVID. 402.
[50] Fed.R.Evid. 403.
[51] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[52] FED.R.EVID. 402.

referencing any alleged damages related to this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[53] Because this claim has been dismissed, any testimony about alleged damages are not relevant to any existing issues to be presented to the jury.[54]

17. The Court should preclude any evidence, statement, testimony, or argument that the potential initial public offering ("IPO")s of AROG in 2015 and 2018, as (i) such IPOs were never completed (and thus, no outside capital has been raised by AROG); (ii) payment for vested LTIUs upon consummation of an IPO would have been discretionary (i.e., not required) by the Plan's Administrator; and (iii) any purported fraud in connection with the LTIU grants in 2011, 2012, and 2014 would have occurred before such IPO preparation had occurred. Any such argument would relate to a breach of contract claim that was dismissed by this Court in its Memorandum Opinion and Order on the Motion to Dismiss and Memorandum Opinion and Order on the Motion for Summary Judgement. Any issues regarding this previously dismissed claim would be irrelevant to any issues in this case.[55] Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[56] Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[57]

---

[53] Fed.R.Evid. 403.
[54] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[55] FED.R.EVID. 402.
[56] Fed.R.Evid. 403.
[57] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

18. The Court should preclude any evidence, statement, testimony, or argument regarding the corporate actions by Defendants following Ramachandran's termination on February 21, 2017 as any purported fraud in connection with the LTIU grants would have occurred before Ramachandran's termination. Plaintiff's alleged fraudulent misrepresentations relate to LTIU grants to Plaintiff in 2011, 2012, and 2014.  Any reference to Defendants' actions after that date are irrelevant and prejudicial.

19. The Court should preclude any evidence, statement, testimony, or argument regarding hiring, separation, or employment of executives or potential executives for AROG, including but not limited to Scott Salka and Dean Ferrigno, after Plaintiff's termination date of February 21, 2017 because any purported fraud in connection with the LTIU grants in 2011, 2012, and 2014 would have occurred before such individuals were employed by AROG.  Plaintiff's alleged fraudulent misrepresentations relate to LTIU grants to Plaintiff in 2011, 2012, and 2014.  Any reference to Defendants' actions after that date are irrelevant and prejudicial.

20. The Court should preclude any evidence, statement, testimony, or argument that the 2014 conversion of AROG from a limited liability company to a corporation was a "sale" of AROG or otherwise a triggering event for payment of Plaintiff's LTIUs under the 2010 LTIU Plan.  The Court has already ruled that as a matter of law, a "sale is not fulfilled simply when any transfer of securities occurs; it triggers when a 'sale…of all or substantially all of the Company's assets' occurs '*by way of* transfer of Capital Securities of, or merger or consolidation of or other similar event.'" [58]  "Because the sale requirement did not occur during Ramachandran's employment, he was not entitled to payment." [59] Any issues regarding previously decided claim or issue would be irrelevant

---

[58] See Dkt. No. 153 at p.7.
[59] *Id.*

to any issues in this case.[60]   Moreover, referencing this dismissed claim would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[61]   Because this claim has been dismissed, it is not relevant to any existing issues to be presented to the jury.[62]

21. The Court should preclude any evidence, statement, testimony, or argument that Plaintiff has suffered an injury due to his loss of Long Term Incentive Units ("LTIUs") because no triggering event pursuant to the LTIU Plan has occurred that would trigger payment of Plaintiff's LTIUs[63]   as this Court has previously ruled, "that Abhijit Ramachandran has not suffered an injury because no event occurred that would trigger payment for his Units"[64] and, thus, this claim is not ripe.  Any issues regarding this previously decided claim or issue would be irrelevant to any issues in this case.[65]  Moreover, referencing this decided claim or issue would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[66] Because this issue has been decided as a matter of law, it is not relevant to any existing issues to be presented to the jury.[67]

22. The Court should preclude any evidence, statement, testimony, or argument that Plaintiff has demonstrated that an injury from loss of his LTIUs is likely to occur soon or at all.  Even if Plaintiff retains ownership of his LTIUs, they remain outstanding until a "Sale of the Company"

---

[60] FED.R.EVID. 402.
[61] Fed.R.Evid. 403.
[62] See Elvis Presley Enters. V. Capece, 141 F.3d 188, 206 (5th Cir. 1998).
[63] Dkt. No. 153 at p.8.
[64] Dkt. No. 153.
[65] FED.R.EVID. 402.
[66] Fed.R.Evid. 403.
[67] See Elvis Presley Enters. V. Capece, 141 F.3d 188, 206 (5th Cir. 1998).

occurs or expires pursuant to the LTIU Plan.  There is no evidence that the qualifying sale will happen soon or ever.  Unless Plaintiff is denied payment that he is rightfully due, Plaintiff will not have a quantifiable injury.  This Court has previously ruled, "that Abhijit Ramachandran has not suffered an injury because no event occurred that would trigger payment for his Units"[68] and, thus, this claim is not ripe.  Any issues regarding this previously decided claim or issue would be irrelevant to any issues in this case.[69]  Moreover, referencing this decided claim or issue would create an unfair prejudicial effect, would mislead the jury, would waste time, and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[70]  Because this issue has been decided as a matter of law, it is not relevant to any existing issues to be presented to the jury.[71]

23. The Court should preclude any evidence, statement, testimony, or argument that Plaintiff is ever entitled to payment pursuant to the LTIU Plan.  This Court has previously held "[I]n order for a unit holder," including Plaintiff, "to be eligible for payment, they must be continuously employed by AROG from the time the LTIU Unit is awarded through the date the LTIUs value is determined, after a qualifying event.  Even if Plaintiff retains his LTIU Units and a sale of the company occurs, he will not meet this eligibility requirement.  Thus, there is likely no state of the world where Ramachandran will be entitled to a payment related to the [2010 LTIU] plan.  Any issues regarding this previously decided claim or issue would be irrelevant to any issues in this case.[72]  Moreover, referencing this decided claim or issue would create an unfair prejudicial effect, would mislead the jury, would waste time and each of these effects would have a prejudicial effect

---

[68] Dkt. No. 153.
[69] FED.R.EVID. 402.
[70] Fed.R.Evid. 403.
[71] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

[72] FED.R.EVID. 402.

and each of those effects substantially outweighs any probative value the evidence may have.[73] Because this issue has been decided as a matter of law, it is not relevant to any existing issues to be presented to the jury.[74]

24. The Court should preclude any evidence, statement, testimony, or argument that Plaintiff has any interest in any of intellectual property he may have developed while employed by AROG, as it was previously assigned to AROG in the 2010 Nondisclosure and Intellectual Property Agreement because the assignment has not been judicially rescinded.[75] Because the Plaintiff already transferred all of his interest in the inventions, he could not hold any interest in the patents unless a Court first rescinded the 2010 Nondisclosure and Intellectual Property Agreement. Any issues regarding this previously decided claim or issue would be irrelevant to any issues in this case.[76] Moreover, referencing this decided claim or issue would create an unfair prejudicial effect, would mislead the jury, would waste time and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[77] Because this issue has been decided as a matter of law, it is not relevant to any existing issues to be presented to the jury.[78]

25. The Court should preclude any evidence, statement, testimony, or argument regarding discussions with or concerning Dr. Neil Shah or other purported collaborators for Crenolanib's development as it relates to the ownership of AROG's intellectual property. This Court has previously ruled, "Ramachandran consequently lacks Article III standing to challenge inventorship

---

[73] Fed.R.Evid. 403.
[74] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

[75] Dkt. No. 153 at p. 9.
[76] FED.R.EVID. 402.
[77] Fed.R.Evid. 403.
[78] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

under section 256 until he first obtains rescission of the 2010 Assignment."[79] and, thus, this claim is not ripe. Any issues regarding this previously decided claim or issue would be irrelevant to any issues in this case.[80]   Moreover, referencing this decided claim or issue would create an unfair prejudicial effect, would mislead the jury, would waste time and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[81]   Because this issue has been decided as a matter of law, it is not relevant to any existing issues to be presented to the jury.[82]

      25. The Court should preclude any evidence, statement, testimony, or argument that the 2010 Intellectual Property Agreement was replaced by three novation contracts in 2012, 2014, and/or 2015.[83]   The Court previously ruled that, "Ramachandran consequently lacks Article III standing to challenge inventorship under section 256 until he first obtains rescission of the 2010 Assignment."[84] and, thus, this claim is not ripe. Any issues regarding previously decided claim or issue would be irrelevant to any issues in this case.[85]   Moreover, referencing this decided claim or issue would create an unfair prejudicial effect, would mislead the jury, would waste time and each of these effects would have a prejudicial effect and each of those effects substantially outweighs any probative value the evidence may have.[86]   Because this issue has been decided as a matter of law, it is not relevant to any existing issues to be presented to the jury.[87]

---

[79] Dkt. No. 153.
[80] FED.R.EVID. 402.
[81] Fed.R.Evid. 403.
[82] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).
[83] Dkt. No. 172 at p. 18.
[84] Dkt. No. 153.
[85] FED.R.EVID. 402.
[86] Fed.R.Evid. 403.
[87] *See Elvis Presley Enters. V. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

26. The Court should preclude any evidence, statement, testimony, or argument of any disputes and settlements with, including monies paid to, Richard Squires, or entities affiliated with Richard Squires including, but not limited to, Lennox Dallas Partners, LP, and RDS Holdings, Inc., to settle any dispute whatsoever with him or any of his associates.  Such settlement occurred on February 28, 2018, approximately one year after Plaintiff's termination and any purported fraud in connection with the LTIU grants would have occurred before such settlement was entered.  Moreover, this settlement is subject to a Confidential Settlement Agreement and Release and was supposed to be treated as confidential in this lawsuit.  Any prior settlements between AROG and/or Dr. Jain and any third-party are not relevant and will only serve to unfairly prejudice the jury. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[88] All relevant evidence is admissible, unless otherwise proscribed by law.[89] Evidence that is not relevant is not admissible.[90] Evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[91] A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant.[92]

27. The Court should preclude any evidence, statement, testimony, or argument of claims by or against, and disputes and settlements with, and monies paid to Hemanshu Shah, M.D. arising from a dispute with AROG, Dr. Jain, and/or associated entities as the Release and Contract of Settlement

---

[88] FED. R. EVID. 401.
[89] FED. R. EVID. 402.
[90] *Id.*
[91] FED. R. EVID. 403.
[92] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

was entered into one month after the date of the supposed fraud conducted by Dr. Jain.  Moreover, such settlement is subject to the terms and conditions of the relevant Confidential Release and Contract of Settlement whereby the existence of such agreement is "strictly confidential, shall be kept in strictest confidence and shall not be disclosed to any third party . . ." and Dr. Hemanshu Shah has agreed to not "make any statements, including negative or disparaging statements . . . including but not limited to comments that may be reasonably considered derogatory or detrimental to the good name or business reputation of [Dr. Jain and related entities]."   Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[93] All relevant evidence is admissible, unless otherwise proscribed by law.[94] Evidence that is not relevant is not admissible.[95] Evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[96] A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant.[97]

28. The Court should preclude any evidence, statement, testimony, or argument regarding claims by or against, disputes, and settlements with, and monies paid to Annemieke DeMaggio, PhD and her husband, Anthony DeMaggio (the "DeMaggios"), a former employee of Dava Oncology, LP and client of Plaintiff's Attorney, by Dr. Jain or entities affiliated with Dr. Jain.  Indeed, the DeMaggios provided services to a company that is not a party to this lawsuit and never provided

---

[93] FED. R. EVID. 401.
[94] FED. R. EVID. 402.
[95] *Id.*
[96] FED. R. EVID. 403.
[97] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

services for any of the corporate defendants listed in the case. Moreover (i) such events occurred in February 2013, approximately seven (7) months after the date of the alleged fraud that is active in this case. In addition, the DeMaggios and Defendants are subject to a Settlement Agreement whereby such claims, negotiations and settlement are subject to strict confidentiality in accordance with the settlement agreement and the Parties have agreed to "refrain from any disparaging or negative comments" regarding each other. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[98] All relevant evidence is admissible, unless otherwise proscribed by law.[99] Evidence that is not relevant is not admissible.[100] Evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[101] A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant.[102]

29. The Court should preclude any evidence, statement, testimony, or argument regarding any and all claims, communications, demands, or settlements made against Dr. Jain or AROG and/or associated entities arising from or related to employment by, or consultancy for, AROG, Dr. Jain, or any related entity that occurred after July 30, 2012, the date of the culmination of the purported fraudulent event in this case, as Ramachandran either had actual or constructive knowledge of these

---

[98] FED. R. EVID. 401.
[99] FED. R. EVID. 402.
[100] *Id.*
[101] FED. R. EVID. 403.
[102] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

disputes and, with such knowledge, negotiated for additional Employment Agreements and LTIU grants.

30. The Court should preclude any evidence, statement, testimony, or argument regarding any reviews of or references to AROG or any entity owned by, or affiliated with, Dr. Jain expressed on employment review websites, including but not limited to Glassdoor.

31. The Court should preclude any evidence, statement, testimony, argument or reference to Dr. Jain's income, assets, or net worth.

32. The Court should preclude any evidence, statement, testimony, or argument that this Motion has been filed or as to any ruling by the Court in response to this Motion, suggesting or inferring to the jury that the Defendant has moved to prohibit proof or that the Court has excluded proof of any particular matter.

33. The Court should preclude any evidence, statement, testimony, or argument of any attempt by Plaintiff to make demands or requests before the jury for matters found or contained in Defendants' or Defendants' counsel's file, which would include statements, pleadings, photographs, and other documents, or any attempts to make demands or requests for further or additional medical examinations, physical demonstrations, or other requests during the course of the trial in the presence of the jury.

35. The Court should preclude any evidence, statement, testimony, or argument regarding the contents of any pleadings which have been superseded by the current pleadings on file in this case.

36. The Court should preclude any evidence, statement, testimony, or argument regarding the contents of any pleadings that Plaintiff attempted to file with the Court that were rejected as untimely.

37. The Court should preclude any evidence, statement, testimony, or argument that Defendants have not called to testify any witness equally available to both parties in this cause of action.

38. That Plaintiff should refrain from calling any witness, factual or expert, whose identity and substance of testimony has not been timely disclosed to counsel for Defendants in response to interrogatories (or request for disclosures) directed at the same. Further, that Plaintiff and all Plaintiff's witnesses involved in this lawsuit refrain from mentioning or stating to the jury the probable testimony of any witness, expert or factual, who is not permitted to testify as a result of the failure to disclose such witness' identity or substance of knowledge in proper discovery responses. Finally, that Plaintiff not be permitted to offer testimony or other evidence regarding matters on which documents and discovery responses have not been produced to Defendants pursuant to a discovery request.

39. That Plaintiff's should be counsel instructed not to refer to hearsay or probable testimony of a witness who is absent, unavailable, or not called in this case and that counsel be instructed not to suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called.

40. The Court should preclude any offering in the presence and hearing of the jury to stipulate to any fact or issue or asking Defendants or Defendants' counsel to stipulate to any facts in the presence of the jury. Defendants are willing to stipulate to many routine matters, but this should be done under circumstances to expedite the trial rather than to make the Plaintiff appear magnanimous or to make the Defendants appear tedious or wasteful of the jury's time.

41. The Court should preclude any settlement, or offer of settlement, which has been made or entered into, as well as any references to the fact that this lawsuit could have been settled but was

not settled, compromised, or resolved, including the comment that some cases have to be brought to a jury, or other such comments.

42. The Court should preclude any reading of the comments, interjections, or objections of counsel made in the course of a deposition.

43. The Court should preclude any reference, mention, or inference that any party, including Defendants and/or their attorneys, are responsible for the length of this trial because the length of trial is governed by the individual facts and circumstances of the case.

44. That the counsel for the Plaintiff should be instructed to not express their personal opinions regarding the case.

45. The Court should preclude any comment by Plaintiff's attorney that informs the jury of the effect of its answers to the questions in the charge.

46. The Court should preclude any reference to any evidence that Plaintiff failed to produce in discovery or any evidence that Plaintiff failed to produce in response to requests for discovery or failed to supplement in response to any discovery requests.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their *Motion in Limine* and instruct Plaintiff, and his counsel and witnesses not to mention, refer, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court outside the presence and hearing of the jury, and to instruct Plaintiff and his counsel to warn and caution each witness to follow the same instruction.

Respectfully submitted,

**GILBERT, GRAF, & HINDMAN, P.C.**

*/s/ Jennifer L. Graf*
**JENNIFER GRAF**
State Bar No. 24043699
209 E. Main Street
Waxahachie, Texas 75165
Telephone: (972) 330-2775
Facsimile: (214)960-4140
Jennifer@GGHLegal.com

**ATTORNEY FOR DEFENDANT DR. VINAY JAIN AND AROG PHARMACEUTICALS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1ˢᵗ day of August 2022, a copy of the foregoing was forwarded to all counsels of records pursuant to the FRCP.

*/s/ Jennifer L. Graf*
Jennifer L. Graf

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## (DALLAS DIVISION)

| | | |
|---|---|---|
| **ABHIJIT RAMACHANDRAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00811** |
| | § | |
| **VINAY JAIN,** | § | |
| **AROG PHARMACEUTICALS, INC.** | § | |
| **JAIN INVESTMENTS, LLC, and** | § | |
| **VIDERA PHARMACEUTICALS, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## [PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE

The Court having, having considered Defendants, AROG PHARMACEUTICALS, INC.[103] ("AROG") and DR. VINAY JAIN ("Dr. Jain")'s *Motion in Limine*, hereby rules as follows:

1. Preclude any evidence, statement, testimony, argument, or mention of Videra Pharmaceuticals, LLC, as a defendant as this Court dismissed this Defendant in its December 15, 2020 Memorandum Opinion and Order in response to Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

   AGREED: _____     GRANTED: _____

   DENIED: _____

2. Preclude any evidence, statement, testimony, argument, or mention of Jain Investments, LLC as a party defendant as this Court dismissed this Defendant in its December 15, 2020 Memorandum

---

[103] AROG believes that summary judgment was granted in its favor for fraud by the Court on January 11, 2022. [Dkt. No. 172]. Therefore, AROG does not believe it is a party to this lawsuit. Should the Court find that it did not grant summary judgment in AROG's favor as to the fraud claim, AROG submits this Joint Pre-Trial Order.

Opinion and Order in response to Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

AGREED: _____        GRANTED:_____

DENIED: _____

3.  Preclude any evidence, statement, testimony, argument, or mention of Abhijit Ramachandran's purported work with Mentrik Biotech, a sister company to AROG, which hold assets unrelated to Crenolanib.

AGREED: _____        GRANTED:_____

DENIED: _____

4.  Preclude any evidence, statement, testimony, argument, or mention of Abhijit Ramachandran's purported work with Trimer Biotech, a sister company to AROG, which hold assets unrelated to Crenolanib.

AGREED: _____        GRANTED:_____

DENIED: _____

5.  Preclude any evidence, statement, testimony, argument, or mention of AROG's purported breach or fraudulent representations concerning Abhijit Ramachandran's 2015 Employment Agreement with AROG, as this Court has previously dismissed, as a matter of law, Abhijit Ramachandran's claim related to breach of his 2015 Employment Agreement as "Ramachandran's damages are fully mitigated" and "Ramachandran presents no evidence to support his allegation that AROG made fraudulent statements that it would employ him according to the terms of the 2015 Employee Agreement."

AGREED: _____        GRANTED:_____

DENIED: _____

6. Preclude any evidence, statement, testimony, argument, or mention of Defendants' purported breach of the Texas Payday Act, as the Court has granted summary judgment to this claim following Abhijit Ramachandran's failure to respond to Defendants' Motion for Summary Judgment.

AGREED: _____        GRANTED:_____

DENIED: _____

7. Preclude any evidence, statement, testimony, argument, or mention of Abhijit Ramachandran's purported partial or complete discovery or inventorship of any patents or ideas related to Crenolanib, as this Court has previously dismissed Abhijit Ramachandran's claim related to AROG's patents for lack of standing.

AGREED: _____        GRANTED:_____

DENIED: _____

8. Preclude any evidence, statement, testimony, argument, mention, or suggestion that Dr. Jain owed Abhijit Ramachandran a fiduciary duty and that Dr. Jain breached such duty during the administration of the 2010 LTIU Plan, as this Court has ruled that a claim for Breach of Fiduciary Duty is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."

AGREED: _____        GRANTED:_____

DENIED: _____

9. Preclude any evidence, statement, testimony, argument, or mention that Jain Investments, LLC AROG, or Videra Pharmaceuticals aided and abetted Dr. Jain in his purported breach of fiduciary duty during the administration of the 2010 LTIU Plan, as this Court has ruled that a claim for Aiding and Abetting Breach of Fiduciary Duty is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."

AGREED: _____       GRANTED:_____

DENIED: _____

10. Preclude any evidence, statement, testimony, argument, or mention that Defendants Jain Investments, LLC, AROG, Videra Pharmaceuticals, and Dr. Jain participated in a Civil Conspiracy to commit an unlawful act against Ramachandran, as this Court has ruled that a claim for Civil Conspiracy is not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."

AGREED:_____       GRANTED:_____

DENIED: _____

11. Preclude any evidence, statement, testimony, argument, or mention that Defendants breached Award Letters issued pursuant to the 2010 LTIU Plan, the 2012 Employment Agreement as to the LTIUs granted therein, or the 2014 Employment Agreement as to the LTIUs granted therein, as this Court has ruled that claims for Breach of Contract related to LTIUs are not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."

AGREED: _____       GRANTED:_____

DENIED: _____

12. Preclude any evidence, statement, testimony, argument, or mention of Abhijit Ramachandran's claims of Quantum Meruit or Unjust Enrichment by Defendants as this Court has ruled that these claims are not ripe as "Ramachandran has not yet suffered an injury because no event occurred that would trigger payment for his Units."

AGREED: _____    GRANTED: _____

DENIED: _____

13. Preclude any evidence, statement, testimony, argument, or mention that Defendants breached Award Letters issued pursuant to the 2010 LTIU Plan, the 2012 Employment Agreement as to the LTIUs granted therein, or the 2014 Employment Agreement for the LTIUs granted therein because AROG did not pay the fair market value of his LTIUs as of the date of his termination, as this Court has ruled that "[e]ven if AROG terminated him without cause, Ramachandran's Units would remain outstanding. Ramachandran has not suffered an injury because no event occurred that would trigger payment for his Units" and, thus, this claim is not ripe.

AGREED: _____    GRANTED: _____

DENIED: _____

14. Preclude any evidence, statement, testimony, argument, or mention that Defendants caused Abhijit Ramachandran any injury after July 30, 2014 related to his Issued LTIUs as this Court has previously ruled, related to his LTIUs, "that Ramachandran has not suffered an injury because no event occurred that would trigger payment for his Units" and, thus, this claim is not ripe.

AGREED: _____          GRANTED:_____

DENIED: _____

15. Preclude any evidence, statement, testimony, argument, or mention of calculations by Abhijit

Ramachandran and/or a damages expert, including but not limited to Karl Schwabauer or

Tyler Brous, related to the dismissed causes of action.

AGREED: _____          GRANTED:_____

DENIED: _____

16. Preclude any evidence, statement, testimony, argument, or mention of the potential initial

public offering ("IPO") of AROG in 2015 and 2018, as (i) such IPOs were never completed

(and thus, no outside capital has been raised by AROG); (ii) payment for vested LTIUs upon

consummation of an IPO would have been discretionary (i.e., not required) by the Plan's

Administrator; and (iii) any purported fraud in connection with the LTIU grants in 2011,

2012, and 2014 would have occurred before such IPO preparation had occurred.

AGREED: _____          GRANTED:_____

DENIED: _____

17. Preclude any evidence, statement, testimony, argument, or mention of corporate actions by

referencing alleged fraud by Defendants following Abhijit Ramachandran's termination on

February 21, 2017 as any purported fraud in connection with the LTIU grants in would have

occurred before Abhijit Ramachandran's termination.

AGREED: _____          GRANTED:_____

DENIED: _____

18. Preclude any evidence, statement, testimony, argument, or mention of hiring, separation, or employment of executives or potential executives for AROG, including but not limited to Scott Salka and Dean Ferrigno, after Plaintiff's termination date of February 21, 2017 as any purported fraud in connection with the LTIU grants in 2011, 2012, and 2014 would have occurred before such individuals were employed by AROG.

AGREED: _____       GRANTED:_____

DENIED: _____

19. Preclude any evidence, statement, testimony, argument, or mention that the 2014 conversion of AROG from a limited liability company to a corporation was a "sale" of AROG or otherwise a triggering event for payment of LTIUs under the 2010 LTIU Plan.  The Court has already ruled that a matter of law, a "sale is not fulfilled simply when any transfer of securities occurs; it triggers when a 'sale…of all or substantially all of the Company's assets' occurs '*by way of* transfer of Capital Securities of, or merger or consolidation of or other similar event.'" "Because the sale requirement did not occur during Ramachandran's employment, he was not entitled to payment."

AGREED: _____       GRANTED:_____

DENIED: _____

20. Preclude any evidence, statement, testimony, argument, or mention that Abhijit Ramachandran has suffered an injury due to his loss of LTIUs because no triggering event pursuant to the LTIU Plan has occurred that would trigger payment of Abhijit Ramachandran's LTIUs.

AGREED: _____       GRANTED:_____

DENIED:_____

21. Preclude any evidence, statement, testimony, argument, or mention that Abhijit Ramachandran has demonstrated that an injury from loss of his LTIUs is likely to occur soon or at all. Even if Abhijit Ramachandran retains ownership of his LTIUs, they remain outstanding until a "Sale of the Company" occurs. There is no evidence that the qualifying sale will happen soon or ever. Unless Abhijit Ramachandran is denied payment that he is rightfully due, Abhijit Ramachandran will not have a quantifiable injury.

AGREED:_____          GRANTED:_____

DENIED:_____

22. Preclude any evidence, statement, testimony, argument, or mention that Abhijit Ramachandran is ever entitled to payment pursuant to the LTIU Plan. This Court has previously held "[I]n order for a unit holder," including Abhijit Ramachandran, "to be eligible for payment, they must be continuously employed by AROG from the time the LTIU Unit is awarded through the date the LTIUs value is determined, after a qualifying event. Even if Abhijit Ramachandran retains his LTIU Units and a sale of the company occurs, he will not meet this eligibility requirement. Thus, there is likely no state of the world where Abhijit Ramachandran will be entitled to a payment related to the [2010 LTIU] plan."

AGREED:_____          GRANTED:_____

DENIED:_____

23. Preclude any evidence, statement, testimony, argument, or mention that Abhijit Ramachandran has any interest in any of intellectual property he may have developed while employed by AROG as it was previously assigned to AROG in the 2010 Nondisclosure and Intellectual Property Agreement because the assignment has not been judicially rescinded.

Because Abhijit Ramachandran already transferred all of his interest in the inventions, he could not hold any interest in the patents unless a court first rescinded the 2010 Nondisclosure and Intellectual Property Agreement.

AGREED:_____          GRANTED:_____

DENIED:_____

24. Preclude any evidence, statement, testimony, argument, or mention concerning Dr. Neil Shah or other purported collaborators for Crenolanib's development as it relates to the ownership of AROG's intellectual property.

AGREED:                          GRANTED:_____

DENIED:_____

25. Preclude any evidence, statement, testimony, argument, or mention that the 2010 Intellectual Property Agreement was replaced by three novation contracts in 2012, 2014, and/or 2015.

AGREED:_____          GRANTED:_____

DENIED:_____

26. Preclude any evidence, statement, testimony, argument, or mention of any disputes and/or settlements with, including monies paid to, Richard Squires, or entities affiliated with Richard Squires including, but not limited to, Lennox Dallas Partners, LP, and RDS Holdings, Inc., to settle any dispute whatsoever with him or any of his associates, as such settlement occurred on February 28, 2018, approximately one year after Abhijit Ramachandran's termination and any purported fraud in connection with the LTIU grants would have occurred before such settlement was entered. Moreover, this settlement is subject to a Confidential Settlement Agreement and Release, and was supposed to be treated as confidential in this lawsuit.

AGREED:_____    GRANTED:_____

DENIED:_____

27. Preclude any evidence, statement, testimony, argument ,or mention of claims by or against, disputes and settlements with, and monies paid to Hemanshu Shah, M.D. arising from a dispute with AROG, Dr. Jain, and/or associated entities as the Release and Contract of Settlement was entered into one month after the date of the supposed fraud conducted by Dr. Jain.  Moreover, such settlement is subject to the terms and conditions of the relevant Confidential Release and Contract of Settlement whereby the existence of such agreement is "strictly confidential, shall be kept in strictest confidence and shall not be disclosed to any third party . . ." and Dr. Hemanshu Shah has agreed to not "make any statements, including negative or disparaging statements . . . including but not limited to comments that may be reasonably considered derogatory or detrimental to the good name or business reputation of [Dr. Jain and related entities]."

AGREED: _____    GRANTED:_____

DENIED:_____

28. Preclude any evidence, statement, testimony, argument, or mention of disputes and settlements with, and monies paid to Annemieke DeMaggio, Ph.D. and her husband, Anthony DeMaggio (the "DeMaggios"), a former employee of Dava Oncology, L.P. and client of Plaintiff's Attorney, by Dr. Jain or entities affiliated with Dr. Jain.  Indeed, the DeMaggios provided services to a company that is not a party to this lawsuit and never provided services for any of the corporate defendants listed in the case.  Moreover (i) such events occurred in February 2013, approximately seven (7) months after the date of the alleged fraud that is active in this case.  In addition, the DeMaggios and Defendants are

subject to a Settlement Agreement whereby such claims, negotiations and settlement are subject to strict confidentiality in accordance and the Parties have agreed to "refrain from any disparaging or negative comments" regarding each other.

AGREED: _____     GRANTED:_____

DENIED:_____

29. Preclude any evidence, statement, testimony, argument, communications, demands, or settlements made against Dr. Jain or AROG and/or associated entities arising from or related to employment by, or consultancy for, AROG, Dr. Jain, or any related entity that occurred after July 30, 2012, the date of the culmination of the purported fraudulent event in this case, as Abhijit Ramachandran either had actual or constructive knowledge of these disputes and, with such knowledge, negotiated for additional Employment Agreements and LTIU grants.

AGREED: _____     GRANTED:_____

DENIED:_____

30. Preclude any evidence, statement, testimony, argument, mention, reviews, or references to AROG or any entity owned by, or affiliated with, Dr. Jain expressed on employment review websites, including but not limited to Glassdoor.

AGREED: _____     GRANTED:_____

DENIED:_____

31. Preclude any evidence, statement, testimony, argument, mention, or reference regarding "high" employee turnover at AROG.

AGREED: _____     GRANTED:_____

DENIED:_____

32. Preclude any evidence, statement, testimony, argument, or mention of Dr. Jain's income, assets, or net worth.

AGREED: _____     GRANTED:_____

DENIED:_____

33. That this Motion has been filed or any ruling by the Court in response to this motion, suggesting or inferring to the jury that the Defendant has moved to prohibit proof or that the Court has excluded proof of any particular matter.

AGREED: _____     GRANTED:_____

DENIED:_____

34. That Abhijit Ramachandran be instructed not to make demands or requests before the jury for matters found or contained in Defendants' or Defendants' counsel's file, which would include statements, pleadings, photographs, and other documents, nor to demand or request further or additional medical examinations, physical demonstrations or other requests during the course of the trial and in the presence of the jury.

AGREED: _____     GRANTED:_____

DENIED:_____

35. That the contents of any pleadings have been superseded by the current pleadings on file in this case.

AGREED: _____     GRANTED:_____

DENIED:_____

36. That the contents of any pleadings that Abhijit Ramachandran attempted to file with the Court were rejected as untimely.

AGREED: _____     GRANTED:_____

DENIED:_____

37. That the Defendants have not called to testify any witness equally available to both parties in this cause of action.

AGREED: _____     GRANTED:_____

DENIED:_____

38. That Abhijit Ramachandran refrain from calling any witness, factual or expert, whose identity and substance of testimony has not been timely disclosed to counsel for Defendants in response to interrogatories (or request for disclosures) directed at the same. Further, that Abhijit Ramachandran and all Abhijit Ramachandran's witnesses involved in this lawsuit not mention or state to the jury the probable testimony of any witness, expert or factual, who is not permitted to testify as a result of the failure to disclose such witness' identity or substance of knowledge in proper discovery responses. Finally, that Abhijit Ramachandran not be permitted to offer testimony or other evidence regarding matters on which documents and discovery responses have not been produced to Defendants pursuant to a discovery request.

AGREED: _____     GRANTED:_____

DENIED:_____

39. That Abhijit Ramachandran's counsel be instructed not to refer to hearsay or probable testimony of a witness who is absent, unavailable, or not called in this case and that counsel be instructed not to suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called.

AGREED: _____     GRANTED:_____

DENIED:_____

40. Preclude offering in the presence and hearing of the jury to stipulate to any fact or issue or asking Defendants or Defendants' counsel to stipulate to any facts in the presence of the jury. Defendants are willing to stipulate to many routine matters, but this should be done under circumstances to expedite the trial rather than to make the Plaintiff appear magnanimous or to make the Defendants appear tedious or wasteful of the jury's time.

AGREED: _____    GRANTED:_____

DENIED:_____

41. Preclude any settlement, or offer of settlement, which has been made or entered into, as well as any references to the fact that this lawsuit could have been but was not settled, compromised, or resolved, including the comment that some cases have to be brought to a jury, or other such comments.

AGREED: _____    GRANTED:_____

DENIED:_____

42. Preclude any reading of the comments, interjections or objections of counsel made in the course of a deposition.

AGREED: _____    GRANTED:_____

DENIED:_____

43. Preclude any reference, mention or inference that any party, including Defendants and/or their attorneys, are responsible for the length of this trial because the length of trial is governed by the individual facts and circumstances of the case.

AGREED: _____    GRANTED:_____

DENIED:_____

44. Preclude the counsel for the Plaintiff from expressing their personal opinions regarding the

case.

AGREED: _____          GRANTED:_____

DENIED:_____

45. Preclude any comment by Plaintiff's attorney that informs the jury of the effect of its answers

to the questions in the charge.

AGREED: _____          GRANTED:_____

DENIED:_____

46. Preclude any evidence that Abhijit Ramachandran failed to produce in discovery or any

evidence that Abhijit Ramachandran failed to produce in response to requests for discovery

or failed to supplement in response to any discovery requests.

AGREED: _____          GRANTED:_____

DENIED:_____