UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABHIJIT RAMACHANDRAN, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:18-CV-00811-X |
| VINAY JAIN and AROG PHARMACEUTICALS, INC., | § § § | |
| *Defendants.* | § § | |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

1

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Burden of Proof: Preponderance of the Evidence**

Plaintiff Ramachandran has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Ramachandran has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties have stipulated to the following facts:

1. **The Parties to the Lawsuit.** The plaintiff in this case is named Abhijit Ramachandran. He is generally referred to as "Abby," "Abhijit" or "Ramachandran." During deposition testimony in this case, a reference to Abby will mean the Plaintiff. While the Plaintiff has been referred to as "Abby," he has also been referred to as "Ramachandran" in other parts of this case. Therefore, any reference to "Abby" or "Ramachandran shall mean the Plaintiff. The defendant, Dr. Vinay Jain, is referred

3

to as Dr. Jain or, in some instances, as "Jain" or "Vinay." So any reference to Dr. Jain, Vinay, or Jain shall mean the Defendant, Dr. Vinay Jain. The defendants, AROG Pharmaceutical, LLC and AROG Pharmaceutical, Inc., are generally referred collectively to as "AROG."

2. **Formation of AROG**. AROG is a start-up pharmaceutical company that was formed to develop a drug for treating cancer with an anticancer agent known as Crenolanib. Crenolanib is an investigational medication that is not approved for commercial sale by any regulatory authority in the world.

3. **The 2010 LTIU Plan**. On March 30, 2010, AROG adopted the 2010 Long Term Incentive Plan, which is generally referred to as the "2010 LTIU Plan."

4. **AROG's Affiliated Companies**. Since its formation, AROG has engaged with other companies controlled or owned by Dr. Jain, including Dava Oncology.

5. **Dava Oncology**: Dava Oncology, LP ("Dava Oncology") is a separate entity from AROG. Dava Oncology does not develop cancer drugs; rather, it assists pharmaceutical companies accelerate their drug development timelines.

6. **Abby's Education**. Ramachandran graduated with a master's degree in biomedical engineering from the University of Texas at Arlington in December 2009.

7. **Abby's Engagement with Dava**. Ramachandran initially joined Dava Oncology on February 22, 2010, as an hourly intern when he was 24 years old on a temporary student visa (F-1) to receive Optional Practical Training ("OPT").

4

**8. Abby's Engagement with AROG.** AROG employed Abby in March 2010 as an at will employee.  Abby was AROG's first employee.

**9. AROG Sponsors Abby's Work Visa.** AROG sponsored Ramachandran's temporary (non-immigrant) work visa (H-1B) and application for permanent residency in the United States (also known as a "Green Card").  Simultaneously to sponsoring Ramachandran's temporary work visas, AROG also sponsored Ramachandran's lawful permanent residency in the United States, which is commonly referred to as being a "Green Card" holder.

**10. Abby's Award of LTIUs.** Between 2011 and 2014, AROG awarded Abby 250,000 units under the 2010 LTIU Plan.  On January 28, 2011, Dr. Jain and Abby executed an award agreement wherein AROG awarded Abby 5,000 units under the 2010 Long Term Incentive Plan.  On September 16, 2011, Dr. Jain and Abby executed an award agreement wherein AROG awarded Abby 10,000 units under the 2010 Long Term Incentive Plan.  On July 30, 2012, Dr. Jain and Abby executed an award agreement wherein AROG awarded Abby 185,000 units under the 2010 Long Term Incentive Unit Plan. On July 30, 2014, Dr. Jain and Abby executed an agreement wherein Abby was awarded 50,000 units under the 2010 Long Term Incentive Plan.

**11. Abby's Employment Contracts—At Will Contracts.**  Abby signed multiple employment contracts as an at-will employee. On December 1, 2010, Abby signed an at-will employment contract and again on January 28, 2011.

**12. Abby's 2012 Employment Contract—Two Year Contract.** On July 30, 2012, Dr. Jain and Abby executed a two-year employment contract. On May 1, 2013, Dr. Jain and Abby executed an amendment to the 2012 Employment Contract.

**13. Abby's 2014 Employment Contract—Three Year Contract.** On July 30, 2014, Dr. Jain and Abby executed a three-year employment contract. On July 30, 2014, as part of the 2014 Employment Contract, AROG awarded Abby an additional 50,000 units under the 2010 Long Term Incentive Plan. On December 3, 2014, Michael Ball, Chief of Staff for AROG, and Abby executed a document entitled First Amendment to Employment Agreement.

**14. Conversion to Corporation.** On September 29, 2014, AROG adopted a unanimous written consent of all members that approved a conversion of AROG Pharmaceutical, LLC, a Delaware limited liability company, to AROG Pharmaceutical, Inc., a Delaware corporation.

**15. 2015 Employment Contract—Two Year Contract.** On July 30, 2015, Dr. Jain and Abby executed a two-year employment contract that was set to expire on July 30, 2017.

**16. Visa Letter.** On September 16, 2015, Edward McDonald executed a letter referencing "Invitation Letter to Continue Employment with AROG." This document contains a typographical error. In the first sentence of the third paragraph, while it states, "...which contemplates your employment with AROG until July 2019...," that should actually read July 2017.

6

**17. Visa Letter.** On December 16, 2016, Edward McDonald executed a letter referencing "Invitation Letter to Continue Employment with AROG." This document contains two typographical errors. First, the date at the top of the letter should be December 16, 2016 instead of 2015. Second, in the first sentence of the third paragraph, while it states, "…which contemplates your employment with AROG until July 2019…," that should actually read July 2017.

**18. August Confidential Draft of S-1 Filed with SEC.** On August 30, 2018, AROG filed a "Confidential Draft No. 3" with the Securities and Exchange Commission. This document was intended to be confidential. There was no reference in this document to the lawsuit filed by Abby against Dr. Jain and AROG in April 2018.

**19. September S-1 Filed Publicly with the SEC.** On September 28, 2018, AROG filed a Form S-1 Registration Statement under the Securities Act of 1933. In this document, AROG does reference the lawsuit filed by Abby against Dr. Jain and AROG.

**20. 60 Day Rule.** On or about January 17, 2017, the Department of Homeland Security rules and regulations concerning grace period for an H-1B visa holder to find new employment in the event that his current employment was terminated went into effect. Under these revised rules and regulations, an H-1B visa holder was permitted up to 60 days to find a new employer in the event that his current employment was terminated.

**21. Days of Week.** November 16, 2016, was a Wednesday. November 19, 2016, was a Saturday. November 20, 2016, was a Sunday. December 3, 2016, was a Saturday. December 4, 2016, was a Sunday. January 8, 2017, was a Sunday.

## Discontinuance as to Some Parties

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.

## Demonstrative Evidence

Opening and closing PowerPoint demonstrations have been shown to you. They are a party's demonstration used to describe something involved in this trial. If your recollection of the evidence differs from these demonstrations, rely on your recollection.

## Witness Not Called

Witnesses were available to both sides. Plaintiff Ramachandran cannot complain that a particular witness was not called to testify, because either side could have called witnesses.

## Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has

8

he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Similar Acts**

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing Defendant Jain's motive or intent, which are at issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect on Defendant Jain's character.

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Deposition Testimony**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing

the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Parties' Claims**

I will now instruct you on the law that you must apply to Plaintiff Ramachandran's claim and Defendant AROG's counterclaim.

### 1. Ramachandran's Fraud Claim against Defendants AROG and Jain

Fraud occurs when—

(1) a party makes a material misrepresentation, and

(2) the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

(3) the misrepresentation is made with the intention that it should be acted on by the other party, and

(4) the other party justifiably relies on the misrepresentation and thereby suffers injury.

**"Material"**

To prove an action for fraud, the plaintiff must establish the misrepresentation was material. A false representation is material if it is important to the plaintiff in making a decision—that is, if a reasonable person would attach importance to and be induced to act on the information in determining whether to make a transaction.

A misrepresentation can be material even if it is not the plaintiff's only inducement for making a transaction, as long as the plaintiff relied on the misrepresentation. But a misrepresentation cannot be material if it is too vague or imprecise.

**"Misrepresentation"** means

(1) A false statement of fact; or

(2) A promise of future performance made with an intent, at the time the promise was made, not to perform as promised; or

(3) A statement of opinion based on a false statement of fact; or

(4) A statement of opinion that the maker knows to be false; or

(5) An expression of opinion that is false, made by one who has, or purports to have, special knowledge of the subject matter of the opinion.

**"Special knowledge"** means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

12

**"Knowingly"**

A defendant makes a misrepresentation "knowingly" when the defendant is aware of its falsity or understands it is false.

**"Recklessly"**

A defendant makes a representation "recklessly" when the defendant makes it without any knowledge of its truth and makes it as a positive assertion of fact.

### a. Damages

If Plaintiff Ramachandran has proved his claim against either or both Defendant AROG or Defendant Jain by a preponderance of the evidence, you must determine the damages to which Plaintiff Ramachandran is entitled.

You should not interpret the fact that I am giving instructions about Plaintiff Ramachandran's damages as an indication in any way that I believe that Plaintiff Ramachandran should, or should not, win this case. It is your task first to decide whether Defendants AROG and/or Jain are liable.

I am instructing you on damages only so that you will have guidance in the event you decide that Defendants AROG and/or Jain are liable and that Plaintiff Ramachandran is entitled to recover money from Defendants AROG and/or Jain. You should consider the following elements of actual damages, and no others: (1) the benefit-of-the-bargain damages sustained by Plaintiff Ramachandran in the past and (2) mental anguish damages sustained by Plaintiff Ramachandran in the past.

13

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

**Direct Damages** are the damages that are the necessary and usual result of the wrongful act. Two types of direct damages are available for common-law fraud: out-of-pocket damages and benefit of the bargain damages. This case is limited to benefit of the bargain damages.

**Benefit of the Bargain Damages** are measured by the difference, if any, between the value as represented and the value received.

## Mental Anguish Damages

To recover compensatory damages for mental and emotional distress, Plaintiff Ramachandran must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but the plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**Exemplary Damages**

Plaintiff Ramachandran can recover exemplary damages if you find by clear and convincing evidence that the harm to Plaintiff Ramachandran resulted from malice or fraud.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    (1)  The nature of the wrong.

    (2)  The character of the conduct involved.

    (3)  The degree of culpability of Defendant Jain.

    (4)  The situation and sensibilities of the parties concerned.

    (5)  The extent to which such conduct offends a public sense of justice and propriety.

    (6)  The net worth of Defendant Jain.

A finding that Defendant AROG and/or Jain is liable for fraud and that Plaintiff Ramachandran is entitled to actual damages does not automatically entitle Plaintiff Ramachandran to exemplary damages for the same conduct. Proving fraud for exemplary damages requires proof by clear and convincing evidence, while proving fraud for actual damages requires proof only by preponderance of the evidence.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant Jain to cause substantial injury or harm to Plaintiff Ramachandran.

You are further instructed that malice may be attributable to Defendant AROG because of an act by Defendant Jain if, but only if—

(1)  Defendant Jain was employed by AROG as a vice principal in a managerial capacity and was acting in the scope of his employment as a vice principal; or

(2)  AROG or another manager or vice principal of AROG ratified or approved the act.

A person is a "Vice Principal" if—

(1)  that person is a corporate officer; or

(2)  that person has the authority to employ, direct, and discharge an employee of AROG; or

(3)  that person is engaged in the performance of nondelegable or absolute duties of AROG.

### 2. Defendant AROG's Counterclaim

I will now instruct you on the law that you must apply to Defendant AROG's counter claim.  Defendant AROG claims that it fired Plaintiff Ramachandran "for Cause" under the 2015 Employment Contract.  In deciding whether Ramachandran was fired for cause, you must apply the following language from the 2015 Employment Contract:

> **Termination for Cause**. Employer may terminate this Agreement for Cause immediately upon notice to Employee. Upon termination for Cause, Employer shall pay to Employee all base salary and employment benefits that have fully accrued and vested, but not been paid as of the effective date of such termination. Employee's rights with respect to the Incentive Units, if any, shall be governed by the terms and conditions of the Plan. All other rights and benefits of Employee hereunder shall terminate, except for any right to the continuation of benefits otherwise provided by law.

> For purposes of this agreement, "Cause" shall mean Employee's:

> (i)     material breach of this Agreement; or

> (ii)    material violation of the Employer's policies and procedures, gross negligence or gross misconduct; or

> (iii)   excessive absenteeism, with the exceptions of excused; or

> (iv)   illness, disability, or pregnancy, persistent neglect of duty or failure to perform the duties of Employee's position to the satisfaction of Employer; or

> (v)    fraudulent, disloyal or dishonest act committed in connection with Employee's employment, or conviction of or plea of nolo contendere to any criminal conduct against Employer; or

> (vi)   alcohol or substance use while at work or for otherwise failing to adequately perform or follow workplace rules and policies as a result of alcohol consumption substance use while at work; or  conviction of or plea of nolo contendere

17

to any felony or to any misdemeanor involving fraud, embezzlement, theft, or dishonesty.

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.