UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABHIJIT RAMACHANDRAN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:18-CV-0811-X |
| § | |
| VINAY JAIN et al., § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

Abhijit Ramachandran used to work for AROG Pharmaceuticals, Inc. ("AROG"). After AROG terminated Ramachandran, Ramachandran sued AROG and Vinay Jain—AROG's founder—claiming that they defrauded him. AROG countersued for a declaratory judgment concerning the disposition of "incentive units" Ramachandran had received during his employment. After a jury found that AROG and Jain didn't commit fraud and that AROG didn't terminate Ramachandran "for cause," each side moved for entry of judgment. [Docs. 223, 224]. For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** AROG's motion and **GRANTS** Ramachandran's motion.

## I. Background

During Ramachandran's employment with AROG, Ramachandran received numerous "incentive units."[1] Pursuant to a Long Term Incentive Plan (the "Plan"), each unit nominally entitled its holder to 0.0000025% of funds realized from a sale of

---

[1] Doc. 228 at 4.

1

AROG. Alternatively, a person holding those units could receive payment for those units if AROG went public. Ramachandran received 250,000 units during his employment at AROG. But, in 2017, AROG terminated Ramachandran, triggering a Plan provision—Section 5(B)—purportedly rendering a unit holder "[in]eligible to receive payment" on any units in connection with a sale of AROG if the holder had not "been continuously employed" with AROG when the sale occurred.[2]

Ramachandran sued AROG and Jain, alleging, *inter alia*, fraud concerning representations about Ramachandran's units. AROG counterclaimed, seeking a declaratory judgment that

> 1) Ramachandran's long term incentive units were automatically cancelled because his Termination . . . was for Cause; 2) Ramachandran has no present right to receive payment for the . . . units because there has not been a Sale of the Company . . . ; and 3) Ramachandran has no future right to receive payment after a Sale of the Company because the termination of Ramachandran's employment . . . renders him ineligible to participate in distribution of Available Funds to be realized from a Sale of the Company.[3]

After a trial, a jury found that AROG and Jain did not "commit fraud against [] Ramachandran."[4]  On AROG's counterclaim, the jury found that AROG did not "terminate Ramachandran for 'Cause.'"[5]

The parties now cross-move for judgment.

---

[2] *Id.* at 10.

[3] Doc. 47 at 19–20.

[4] Doc. 218 at 1.

[5] *Id.* at 7.

## II. Analysis

The Court considers (A) Ramachandran's fraud claim, and (B) AROG's declaratory-judgment claim.

### A. Ramachandran's Fraud Claim

The jury found that AROG and Jain did not "commit fraud against [] Ramachandran."[6] Accordingly, AROG and Jain seek "a take nothing judgment" for Ramachandran on his fraud claims.[7] Ramachandran only objects to ensure that that judgment "is not [] a consent decree."[8] The Court agrees: Its judgment isn't a consent decree. Accordingly, the Court **GRANTS IN PART** AROG and Jain's motion for judgment and will enter a take-nothing judgment on Ramachandran's fraud claims.

AROG and Jain also request that the Court "award Defendants reasonable and necessary attorney's fees and expenses" based on that outcome.[9] That's premature. In federal court, the prevailing party may file a bill of costs and a motion for attorney fees only *after* entry of a final judgment.[10] The Court **DENIES IN PART** AROG and Jain's motion to the extent they request attorney fees and costs.

---

[6] *Id.* at 1.

[7] Doc. 223 at 2.

[8] Doc. 225 at 1.

[9] Doc. 223 at 2.

[10] *See* FED. R. CIV. PROC. 54(d)(2)(B)(i).

3

## B. AROG's Declaratory-Judgment Claim

AROG originally sought a declaratory judgment stating that Ramachandran (1) was fired for cause, (2) has no present right to receive payment for his units, and (3) has no future right to receive payment for his units after a sale of AROG.

On the first part of AROG's declaratory-judgment claim, the jury found that AROG did not "terminate Ramachandran for 'Cause.'"[11]  So the Court will enter judgment in favor of Ramachandran on the first part of AROG's declaratory-judgment claim.[12]

On the second part of AROG's declaratory-judgment claim, the Court has already decided that "no event [has] occurred that would trigger payment for [Ramachandran's] Units."[13]  Since then, the parties have provided no evidence that AROG has been sold or has gone public.  Accordingly, the Court will enter a declaratory judgment in favor of AROG on the second part of AROG's declaratory-judgment claim.

On the third part of AROG's declaratory-judgment claim, the Court declines to enter judgment.  For a claim to be ripe, it must present a "substantial controversy of

---

[11] Doc. 218 at 7.

[12] Ramachandran invites the Court to opine on whether his "vested units remained outstanding after his termination." Doc. 224 at 2. The Court declines. AROG seeks a declaration that Ramachandran's units were *cancelled based on the Plan's for-cause provision*. AROG hasn't asked the Court to otherwise opine on whether the units are *currently outstanding*. And that distinction is important. Other Plan provisions affect whether units remain outstanding. For instance, the Plan says that "vested Units . . . shall remain outstanding until . . . the tenth anniversary of the applicable Date of Grant." Doc. 228 at 12. Thus, although Ramachandran's vested units were not "automatically canceled" in a for-cause termination, *id.*, the Court will not delve into the other Plan provisions—sans adequate briefing or a proper request—to determine which, if any, of Ramachandran's vested units remain outstanding.

[13] Doc. 153 at 7–8.

4

sufficient immediacy and reality" for the Court to adjudicate.[14] Based on that rule, the Court dismissed as unripe Ramachandran's claim of future entitlement to payment for his units because "Ramachandran ha[d] not demonstrated that an injury is likely to occur soon or at all" as "[t]here [was] no indication that the qualifying sale will happen soon or ever."[15] Nevertheless, AROG now invites the Court to declare the precise proposition the Court declined to adjudicate in the past—that "Ramachandran has no *future* right to receive payment after a [s]ale of" AROG.[16] But there's still no indication that AROG will be sold soon or ever. And there's no indication AROG will go public soon or ever. Thus, there's no reason to think that Ramachandran's future right to compensation—or lack thereof—for his units presents a controversy of sufficient immediacy.

Accordingly, the Court **GRANTS** Ramachandran's motion for judgment and will enter judgment in favor of Ramachandran on the first part of AROG's declaratory-judgment claim. Further, the Court will enter judgment in favor of AROG on the second part of AROG's declaratory-judgment claim. But the Court will not opine on Ramachandran's future entitlement to payment for his units.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** AROG and Jain's motion for entry of judgment and **GRANTS**

---

[14] *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (cleaned up).

[15] Doc. 153 at 8.

[16] Doc. 47 at 19–20 (emphasis added); *see also* Doc. 228 at 7.

5

Ramachandran's motion for entry of judgment. The Court will enter final judgment via a separate order.

    **IT IS SO ORDERED** this 26th day of April, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE